[No. 8679-4-II.   Division Two.   February 18, 1987.]

TRENT M. NORRIS, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

---

*Keith L. Kessler* and *Stritmatter, Kessler & McCauley,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Michael E. Tardif, Assistant,* for respondent.

WORSWICK, J.—A jury awarded Trent Norris, Jr., substantial damages in his negligence action against the State, but the trial court refused to allow prejudgment interest on portions of the award that Norris contended were liquidated amounts. Norris appeals only from that refusal. The State cross–appeals claiming certain evidentiary errors. We affirm.

Norris' motorcycle struck the end of an unmarked curb immediately adjacent to a freeway on–ramp in Tacoma. He sued, claiming negligent design and maintenance of the on–ramp. The jury returned a lump sum verdict of $350,000, but found 2 percent contributory negligence. Thus, the judgment was reduced to a lump sum of $343,000. Norris attempted without success to persuade the trial judge that prejudgment interest should be awarded on his lost wages and medical expenses, which he characterized as liquidated special damages. He also fails to persuade us.

It is now established that prejudgment interest on liquidated damages *may* be awarded in a negligence case. *Hansen v. Rothaus*, 107 Wn.2d 468, 730 P.2d 662 (1986). It does not follow that they will be awarded in every case. Norris is not entitled to liquidated damages here for two reasons.

First, there is no basis for determining what portion of the lump sum jury award represented liquidated damages. By definition, liquidated damages are damages that can be exactly computed without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 34, 442 P.2d 621 (1968). The damages issue was submitted to the jury in this case on general instructions allowing the jury to determine whether the medical expenses claimed were reasonable (*see Hansen,* 107 Wn.2d at 477), and whether the wages were in fact lost because of the State's negligence. The damage items making up the verdict were not segregated.[1] It is impossible now to determine what the jury awarded on these claims.

Second, and more importantly, Norris could not recover prejudgment interest here in any event, because the State has not consented to prejudgment interest on this tort claim.

The State cannot be held to interest on its debts without its consent. *Architectural Woods, Inc. v. State,* 92 Wn.2d 521, 598 P.2d 1372 (1979). Consent may be express

---

[1]Norris requested that damage items in the verdict form be segregated. The trial court refused the request, and no error is assigned to the refusal.

or implied. It is implied in situations where a State agency enters into authorized contracts, because the State thereby impliedly consents to the same responsibilities and liabilities as a private contracting party. *Architectural Woods, Inc.,* 92 Wn.2d at 526–27.[2] There is no room for implication here; a statute speaks to the point.

RCW 4.56.115 provides, in part:

> Interest on judgments against state, political subdivisions or municipal corporations—Torts. Judgments founded on the tortious conduct of the state of Washington or of the political subdivisions, municipal corporations, and quasi municipal corporations of the state, whether acting in their governmental or proprietary capacities, *shall bear interest from the date of entry* . . .

(Italics ours). Expressio unius est exclusio alterius—specific inclusions exclude implication. *Washington Natural Gas Co. v. PUD 1,* 77 Wn.2d 94, 98, 459 P.2d 633 (1969). The State has not consented to prejudgment interest on tort claims against it.

On its cross appeal, the State contends that the trial court erred in refusing to admit evidence of Norris' drinking habits, and in admitting the testimony of a human factors expert and demonstrative evidence of the accident scene consisting of artist's drawings based on the recollections of witnesses. We find no merit in these contentions.

Norris testified in deposition that he regularly visited and imbibed at certain taverns on Saturday nights (the accident occurred on a Saturday night). The State contended that this testimony was admissible as evidence of habit under ER 406. The trial court did not err in rejecting this evidence.

ER 406 appears in Title 4 (Relevancy and Its Limits) of the Rules of Evidence. It provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant

---

[2] *Noel v. Cole,* 98 Wn.2d 375, 655 P.2d 245 (1982), on which Norris relies, falls within this rationale.

to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Care must be taken to assure that the evidence is really relevant to the dispute at hand, and that it does not divert attention to collateral issues. *Cf. Breimon v. General Motors Corp.,* 8 Wn. App. 747, 509 P.2d 398 (1973). Also, the habit in question must be just that: "one's regular response to a repeated specific situation so that doing the habitual act becomes semi–automatic." *See* Comment, ER 406. Caution is essential in dealing with habit evidence, because it verges on inadmissible evidence of character. *See* ER 404; R. Aronson, *Evidence in Washington* § IV, at 34 (1986). As with most evidentiary questions, the determination of admissibility is within the trial court's discretion. *Maehren v. Seattle,* 92 Wn.2d 480, 599 P.2d 1255 (1979), *cert. denied,* 452 U.S. 938, 69 L. Ed 2d 951, 101 S. Ct. 3079 (1981); *Breimon v. General Motors Corp., supra.*

The proffered evidence amounted to no more than admissions by Norris that he had, on some occasions, perhaps consumed as many as seven beers. The trial court did not abuse its discretion in holding that this did not show habit as contemplated by the rule.

While not challenging the credentials of human factors specialists as such, the State contends that the court erred in allowing the opinions of such a specialist here because they dealt with highway design, a field outside of the expert's qualifications, and because they invaded the province of the jury. We disagree.

■ First, the expert discussed the on–ramp design only with reference to human perceptions, reaction times and the like. He did not purport to opine about highway design as such. Second, it is up to the trial court to decide, in its discretion, if the evidence will assist the jury. ER 702; *Davidson v. Metropolitan Seattle,* 43 Wn. App. 569, 719 P.2d 569, *review denied,* 106 Wn.2d 1009 (1986). We find no abuse of discretion here.

The on–ramp had been altered soon after the accident,

and no photographs were available to Norris' counsel. He employed a novel solution: a professional artist was commissioned to prepare drawings based on information contributed by witnesses. Each drawing was then identified and authenticated at trial by the witnesses who gave the artist the information. The State contends that the court erred by admitting the drawings into evidence. We disagree.

Demonstrative evidence is encouraged if accurate and relevant; admission is within the trial court's wide discretion. *Jenkins v. Snohomish Cy. PUD 1,* 105 Wn.2d 99, 713 P.2d 79 (1986); *State v. Chapman,* 84 Wn.2d 373, 378, 526 P.2d 64 (1974); *see also* 5 K. Tegland, Wash. Prac., *Evidence* § 95(4) (2d ed. 1982). Illustrative evidence is appropriate to aid the trier of fact in understanding other evidence, where the trier of fact is aware of the limits on accuracy of the evidence. *King Cy. v. Farr,* 7 Wn. App. 600, 612, 501 P.2d 612, *review denied,* 81 Wn.2d 1009 (1972). The State was afforded the full opportunity to test the accuracy of the drawings and to establish their limits. Its objection went to weight, not admissibility. The State's objection seems largely motivated by the novelty of the evidence. Novelty in an exhibit, however, does not make it inadmissible.

Affirmed.

REED, C.J., and PETRICH, J., concur.