[No. 27464-7-II.   Division Two.   December 20, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. RICKEY F. TURNER, *Respondent*.

654

*Bradley W. Anderson, Prosecuting Attorney*, and *Peter S. Banks, Deputy*, for appellant.

*R.A. Lewis*, for respondent.

SEINFELD, J. — The State appeals from a trial court suppression order. Rickey F. Turner cross appeals the trial

court's denial of prejudgment interest on the fines and costs he paid pursuant to an earlier judgment and sentence that this court later overturned. Finding that the State failed to carry its burden of establishing that the vehicle's passenger compartment was within Turner's immediate control at the time of his arrest, we affirm the trial court's suppression order. Further finding that the State did not waive its sovereign immunity and, thus, is not liable for prejudgment interest, we also affirm the trial court's ruling on prejudgment interest.

## FACTS

A deputy sheriff contacted Rickey Turner after he observed Turner urinating in a parking lot.[1] When the deputy first approached, Turner was standing near the open driver's side door of a pickup truck; another person was seated in the passenger seat.

Turner denied that he had been urinating and became argumentative. The deputy then arrested him for indecent exposure and obstructing a public servant. A second deputy then searched the truck's passenger compartment and discovered a rifle. The State charged Turner with unlawful possession of a firearm and obstructing a law enforcement officer. *State v. Turner*, 103 Wn. App. 515, 519, 13 P.3d 234 (2000).

A jury convicted Turner of the unlawful possession of a firearm charge, but we later reversed the conviction and remanded the case for retrial. *Turner*, 103 Wn. App. at 518-20, 526. Turner moved for reimbursement of the fines and costs he had paid under the reversed judgment and sentence and requested prejudgment interest. The trial court ordered reimbursement of the $471.70 Turner had paid toward the judgment, but denied him the $40.26 in interest he requested.

---

[1] Turner has not challenged the trial court's findings of fact; accordingly, these facts are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

On retrial, Turner moved to suppress evidence of the rifle. The trial court granted the motion and dismissed the charge with prejudice.

The State appeals, arguing that the deputy found the rifle in a proper search incident to Turner's arrest. Turner cross appeals the trial court's refusal to grant him prejudgment interest.

## DISCUSSION

### I. SEARCH

■■ Under article I, section 7 of our state constitution, warrantless searches are per se unreasonable unless they fall under a specific exception to the warrant requirement. *State v. Parker*, 139 Wn.2d 486, 496, 987 P.2d 73 (1999). Such exceptions are "limited and narrowly drawn." *Parker*, 139 Wn.2d at 496; *see also State v. Porter*, 102 Wn. App. 327, 330, 6 P.3d 1245 (2000). The State has the burden of establishing that a warrantless search falls within an exception. *Parker*, 139 Wn.2d at 496; *Porter*, 102 Wn. App. at 330.

■■ Under the search incident to arrest exception to the warrant requirement, officers may search a suspect's person and the area within that person's immediate control at the time of the arrest even in the absence of exigent circumstances. *Porter*, 102 Wn. App. at 330-31, 333-34. This permission extends to the passenger compartment of the suspect's vehicle if the compartment was within the suspect's immediate control at the time of or immediately prior "to the suspect's being arrested, handcuffed, and placed in a patrol car . . . ." *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986). To invoke this exception, the State must prove both close physical and close temporal proximity. *See, e.g., State v. Johnston*, 107 Wn. App. 280, 28 P.3d 775 (2001), *review denied*, 145 Wn.2d 1021 (2002).

Courts have upheld vehicle searches where, at the time of arrest, the suspect was (1) standing within the door to the

passenger compartment, (2) leaning into the vehicle, or (3) within several of feet of the vehicle. *See Stroud*, 106 Wn.2d at 145, 153 (search valid where one suspect was standing in the "swing of the open passenger door" and the other was only a couple of feet away from the vehicle); *State v. Bradley*, 105 Wn. App. 30, 33, 18 P.3d 602, 27 P.3d 613 (2001) (search valid where suspect leaned into vehicle, then walked 10 to 12 feet away from car leaving the door "somewhat ajar").

But the required physical and temporal proximity have been lacking where (1) the suspect has been removed entirely from the scene, (2) the arrest occurred inside a building some distance away from the vehicle, (3) the suspect lawfully parked and locked the vehicle before the police contact, (4) the suspect was away from the car for an unspecified period and at the time of the arrest the officers were between the suspect and the closed car, or (5) the suspect had walked a significant distance away from the vehicle. *Johnston*, 107 Wn. App. at 288 (car search invalid where arrest occurred after suspects left car, went into store for unspecified time, when they returned the officers were between closed car and suspects, and proximity was unspecified); *State v. Wheless*, 103 Wn. App. 749, 14 P.3d 184 (2000) (car search invalid where arrest took place inside tavern); *Porter*, 102 Wn. App. at 333-34 (car search invalid when suspect was approximately 300 feet from vehicle when arrested); *State v. Perea*, 85 Wn. App. 339, 932 P.2d 1258 (1997) (car search invalid where suspect lawfully exited and locked his car before police contact); *State v. Boyce*, 52 Wn. App. 274, 758 P.2d 1017 (1988) (search not valid where suspect had been entirely removed from the scene).

▇ In this case, neither the findings of fact nor the evidence indicate the distance between Turner and the truck; both merely use the relative word "near."[2] Given that

---

[2] Finding of fact 3 states: "[The officer] observed the defendant, Rickey Turner, standing in the parking lot near the driver's side of the pickup with the driver's door remaining open." Clerk's Papers (CP) at 23. Finding of fact 5 states: "[The

the truck door was open, the driver seat was vacant, and another person was sitting in the passenger seat, it was reasonable for the arresting deputy to assume that Turner was the vehicle's driver. But absent evidence of Turner's proximity to the vehicle, there was no basis for the trial court or this court to conclude that the passenger compartment was within Turner's immediate control when the deputy approached him.

The State argues that the trial court used the wrong legal standard. It contends that the court's reference in its findings to the deputy's failure to observe Turner inside the vehicle and to the absence of evidence that he attempted to reach into or enter it indicates that the court erroneously relied on these facts.

We agree with the State that proof of immediate control does not require evidence that the defendant was in the vehicle or attempting to enter it. But the trial court's descriptive findings do not establish that the court required proof of these facts to establish immediate control.

Here, unlike in *Stroud*, the record is silent as to the distance between Turner and the vehicle. In the absence of such evidence, the trial court could not find that the vehicle was under Turner's immediate control, a finding necessary to rely on the search of a vehicle incident to arrest exception. Because the State has failed to meet its burden of establishing this fact, the trial court did not err in suppressing evidence of the rifle.

## II. PREJUDGMENT INTEREST

Relying on RAP 12.8 and *State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 802 P.2d 1353 (1991), Turner argues that the trial court erred when it refused to grant him prejudgment interest on the portion of the judgment he paid before we vacated it. The State argues that it is not liable for

officer] pulled into the parking lot, and contacted Turner. Turner was still standing in the parking lot, outside and near the vehicle, and the driver's door was still open." CP at 23.

prejudgment interest because it has not waived sovereign immunity.[3] We agree with the State.

As a matter of sovereign immunity, " 'the state cannot, without its consent, be held to interest on its debts.' " *Architectural Woods, Inc. v. State*, 92 Wn.2d 521, 524, 598 P.2d 1372 (1979) (quoting *Spier v. Dep't of Labor & Indus.*, 176 Wash. 374, 376-77, 29 P.2d 679 (1934)). *See also State v. Thiessen*, 88 Wn. App. 827, 829, 946 P.2d 1207 (1997). The State may waive sovereign immunity by contract in an individual situation. *Bond v. State*, 70 Wn.2d 746, 748, 425 P.2d 10 (1967). But only the legislature can adopt a blanket waiver, which it has not done here. *Architectural Woods*, 92 Wn.2d at 526.

RAP 12.8, which the Supreme Court adopted, governs the effect of an appellate court's reversal on intervening rights; it states in part:

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution.

Nothing in RAP 12.8 indicates that the State waived sovereign immunity or otherwise agreed to be liable for prejudgment interest; it merely authorizes the appellate court to restore the party's property or provide that party with the value of the property taken. Further, as the legislature did not adopt this court rule, the rule cannot constitute a blanket state waiver. *See Architectural Woods*, 92 Wn.2d at 526.

Nor is Turner's reliance on *A.N.W. Seed* persuasive. *A.N.W. Seed* dealt with the rights of a judgment debtor to recover proceeds that the State acquired in a sale of property to satisfy a judgment in a consumer protection

---

[3] Turner concedes that the State's failure to raise sovereign immunity below does not prevent it from raising the issue here. *See State v. Lee*, 96 Wn. App. 336, 345 n.10, 979 P.2d 458 (1999).

action; the judgment was subsequently vacated. 116 Wn.2d at 43-49. Although the court held that the judgment debtor was entitled to the actual sale price of the property plus interest, it did so without discussing the interest portion of the award, and the State never raised the issue of sovereign immunity.

Turner also suggests that he is entitled to prejudgment interest under RCW 4.56.115 because the reimbursement of the judgment here is "akin to a remedy in tort." Reply Br. of Resp't/Cross Appellant at 2. But RCW 4.56.115 provides for postjudgment interest in tort judgments against the State, it does not provide for prejudgment interest. *Norris v. State*, 46 Wn. App. 822, 825, 733 P.2d 231 (1987).

Finally, Turner's attempt to distinguish the cases relating to the self defense reimbursement statute, RCW 9A.16.110, is unpersuasive. The sovereign immunity rule applies regardless of the context and this decision does not rest on the language of RCW 9A.16.110.

Because Turner has not shown that the State waived sovereign immunity and agreed to pay prejudgment interest, the trial court did not err when it denied his request.

We affirm.

HOUGHTON, J., concurs.

QUINN-BRINTNALL, A.C.J. (concurring) — Many recent opinions addressing searches of automobiles lead away from a clearly defined set of bright-line rules readily capable of being applied by police officers in the field. In my opinion, this confusion is the result of the parties and the reviewing courts conflating the "automobile" and "search incident to arrest" exceptions to the search warrant requirement. I write separately in an attempt to clarify the two exceptions and to emphasize the limits of the issue presented for our review in this case.

Three exceptions to the search warrant requirement arguably apply here: (1) automobile search exception, (2)

officer safety exception, and (3) search incident to arrest exception.

AUTOMOBILE EXCEPTION

Under the automobile exception the State must demonstrate that Turner was operating a motor vehicle at the time of his arrest and that police had probable cause to arrest Turner. *State v. Stroud*, 106 Wn.2d 144, 151-52, 720 P.2d 436 (1986). Once these facts are demonstrated, the presumption that the driver of the vehicle has dominion and control over the contents of the vehicle that are not confined to locked containers operates and the State need not prove specific exigent circumstances support the warrantless search. *Stroud*, 106 Wn.2d at 151.

Except for the three-year period between *State v. Ringer*, 100 Wn.2d 686, 674 P.2d 1240 (1983), and *Stroud*, 106 Wn.2d 144, police officers have not been required to prove that the "totality of circumstances" surrounding the arrest and the exigencies of the particular situation supported a warrantless search of an arrested driver's vehicle since 1923. *See, e.g.*, *State v. Hughlett*, 124 Wash. 366, 370, 214 P. 841 (1923), *overruled by Ringer*, 100 Wn.2d 686. Both the federal and our state Supreme Court acknowledged that the case-by-case approach to vehicular search and seizure questions is "theoretically unsound" and a clear "set of rules is needed to aid the police." *Stroud*, 106 Wn.2d at 167 (Durham, J., concurring).

> "A highly sophisticated set of rules . . . requiring the drawing of subtle nuances and hairline distinctions, may be the sort of heady stuff upon which the facile minds of lawyers and judges eagerly feed, but they may be 'literally impossible of application by the officer in the field.'"

*New York v. Belton*, 453 U.S. 454, 458, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981) (quoting Wayne R. LaFave, *"Case-by-Case Adjudication" Versus "Standardized Procedures": The Robinson Dilemma*, 1974 SUP. CT. REV. 127, 142).

If Turner were driving the vehicle at the time of the initial stop and if probable cause supports Turner's arrest,

the automobile exception applies and the State is not required to prove specific circumstances justifying a search of the interior of the vehicle and any unlocked containers in it. Thus, the location and time of the defendant's arrest is critical to application of the automobile exception to the warrant requirement: the State must establish that the defendant was in the vehicle at the time of the initial police contact leading to his arrest. *See, e.g., State v. Porter*, 102 Wn. App. 327, 333-34, 6 P.3d 1245 (2000) (search of vehicle unlawful when suspect arrested 300 feet from vehicle while walking his dog and directed to return to his vehicle). But the automobile exception does not require the State to prove that Turner was positioned in such a way that he could have attempted to reach into or enter the car. Such factors are relevant only to the search incident to arrest exception.

To trigger the automobile exception, it is enough that the person arrested was in control of the vehicle at the time of the initial police contact. *State v. Fladebo*, 113 Wn.2d 388, 397, 779 P.2d 707 (1989). But Turner was not the driver of the pickup at the time of the initial police contact, therefore the automobile exception to the warrant requirement does not apply.

OFFICER SAFETY

In my opinion, the record demonstrates that officer safety justified the arresting officer's cursory look through the open door of the occupied cab of Turner's pickup truck—where the gun was seen and then seized. But the State did not argue that officer safety (from the passenger in the pickup truck) justified the limited intrusion.[4] Thus, this exception is not before us for review. *Nast v. Michels,* 107 Wn.2d 300, 308, 730 P.2d 54 (1986).

Thus, the only exception to the warrant requirement presented for our review is the search incident to arrest exception.

---

[4] Nor did it argue that Turner's decision to leave his truck door open while he relieved himself in public demonstrated a diminished expectation of privacy.

SEARCH INCIDENT TO ARREST

Under the search incident to arrest exception, the State must prove that police had probable cause to arrest Turner and that Turner was in immediate control of the items and area searched (in this case the vehicle) contemporaneous with that arrest. *State v. Lopez*, 70 Wn. App. 259, 268, 856 P.2d 390 (1993), *review denied*, 123 Wn.2d 1002 (1994).

Thus, the majority correctly places upon the State the duty of proving that "the vehicle's passenger compartment was within Turner's immediate control at the time of his arrest." Majority at 656.

On page 657 of its opinion the majority asserts that to invoke the search incident to arrest exception to the warrant requirement

the State must prove both close physical and close temporal proximity. *See, e.g., State v. Johnston*, 107 Wn. App. 280, 28 P.3d 775 (2001), *review denied*, 145 Wn.2d 1021 (2002).

. . . *State v. Bradley*, 105 Wn. App. 30, 33, 18 P.3d 602, 27 P.3d 613 (2001) (search valid where suspect leaned into vehicle, then walked 10 to 12 feet away from car leaving the door "somewhat ajar").

Majority at 657-58.[5]

To the extent that the majority opinion can be misread to characterize the factors giving rise to the automobile exception to the warrant requirement in terms of specific factual circumstances existing at the time of the arrest, it conflates the automobile and incident to arrest exceptions. Such factors may be relevant to justify a search incident to arrest but they do not control the application of the bright-line automobile exception to the warrant requirement.

I acknowledge that the language of some automobile search cases is confusing and appears to support the conflation of the two exceptions. But, in my view, the

---

[5] The majority's characterization of *Bradley* does not include that the suspect was fleeing the scene of a shooting at the time the officers saw him lean into the vehicle.

totality of the circumstances analysis applies to searches incident to arrest, not to the automobile exception.

Here, Turner was standing outside the pickup when police contacted him to investigate conduct unrelated to the operation of the vehicle. Thus, the automobile exception does not apply. *State v. Johnston*, 107 Wn. App. 280, 288, 28 P.3d 775 (2001), *review denied*, 145 Wn.2d 1021 (2002). According to the majority, the trial court's finding that Turner was standing in the parking lot near the driver's side of the pickup with the driver's door remaining open is legally insufficient to establish that the contents of the truck were within Turner's "wingspan" at the time of his arrest. Therefore, it reasons, the State failed to provide sufficient evidence to satisfy the search incident to arrest exception to the warrant requirement and the trial court's order suppressing the items found in the pickup should be affirmed. On that limited basis, I agree. In addition, I concur in all respects with the majority's discussion of prejudgment interest.

