[No. 31256-5-II.   Division Two.   July 7, 2005.]

HAROLD FOSTER, *Respondent*, v. THE DEPARTMENT OF TRANSPORTATION, *Appellant*.

*Robert M. McKenna, Attorney General*, and *Catherine Hendricks* and *John R. Nicholson, Assistants*, for appellant.

*Carol L. Hepburn* (of *Campiche Hepburn McCarty & Bianco, P.L.L.C.*), for respondent.

¶1 MORGAN, A.C.J. — The issue in this state maritime case is whether the trial court erred by awarding prejudgment interest. Answering yes, we remand for the trial court to strike its award of prejudgment interest, but otherwise affirm.

¶2 Harold Foster worked as a deckhand for the Washington State Ferry System. He was injured on August 10, 1999, when he slipped or tripped while securing the *M/V Quinault* to the terminal at Port Townsend.

¶3 In 2001, Foster sued for damages. He alleged three causes of action: one for "compensation, maintenance and cure," another for "Jones Act negligence," and a third for "unseaworthiness of the vessel."[1] He also alleged that he

---

[1] Clerk's Papers (CP) at 3-4 (emphasis omitted).

was entitled to prejudgment interest "on damages as provided in admiralty."[2]

¶4 In September 2003, the court held a bench trial. In a memorandum opinion issued the following month, the trial court awarded $19,000 in future maintenance and cure, $75,000 in general damages, and $38,268.72 in prejudgment interest on the general damages only. According to its memorandum opinion and findings of fact, the award of general damages included, without segregation, damages experienced in the past and yet to be experienced in the future.

¶5 In December 2003, the State moved for reconsideration on prejudgment interest. It asserted that it was protected from prejudgment interest by the doctrine of sovereign immunity. It also claimed that even if it was not so protected, it did not have to pay prejudgment interest on future damages, and that the trial court had erred by failing to segregate past from future damages. The trial court denied the motion and entered final judgment.

¶6 The State does not now appeal the award of $19,000 in maintenance and cure or the award of $75,000 in general damages. It "only appeals the court's award of prejudgment interest on these amounts, and its award of prejudgment interest on damages that Mr. Foster is expected to incur in the future."[3] It claims that it has not waived sovereign immunity with respect to prejudgment interest, even though it has waived sovereign immunity with respect to liability for damages. It also claims that it cannot be liable for interest on future damages. We reach only the first of these claims.

¶7 In 1961, the legislature waived the State's sovereign immunity from tort claims by enacting RCW 4.92.090. As later amended, that statute provides:

---

[2] CP at 5.

[3] Br. of Appellant at 7.

The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

¶8 In 1969, the Washington Supreme Court held in *Fosbre v. State*[4] that the waiver effected by RCW 4.92.090 did not include postjudgment interest. Over a four-justice dissent, five justices ruled that even though RCW 4.92.090 waived immunity from damages, it did not waive immunity from postjudgment interest on those damages.[5]

¶9 In 1975, the legislature abrogated *Fosbre* and waived sovereign immunity from postjudgment interest by enacting RCW 4.56.115. As later amended, RCW 4.56.115 provides:

Judgments founded on the tortious conduct of the state of Washington . . . whether acting in [its] governmental or proprietary capacit[y], shall bear interest *from the date of entry* . . . [6]

¶10 In 1979, the Washington Supreme Court held in *Architectural Woods, Inc. v. State*[7] that the legislature had impliedly waived sovereign immunity from prejudgment and postjudgment interest "on a *contract* claim."[8] By authorizing a state agency to form the contract in question, the court said, the legislature "consent[ed] for [the agency] to be held to the same responsibilities and liabilities as a contracting individual."[9]

██ ██ ¶11 In 1987, this court declined in *Norris v. State*[10] to extend *Architectural Woods'* reasoning to tort

---

[4] 76 Wn.2d 255, 456 P.2d 335 (1969).

[5] *Fosbre*, 76 Wn.2d at 257.

[6] (Emphasis added.)

[7] 92 Wn.2d 521, 598 P.2d 1372 (1979).

[8] *Architectural Woods*, 92 Wn.2d at 527.

[9] *Architectural Woods*, 92 Wn.2d at 527.

[10] 46 Wn. App. 822, 733 P.2d 231 (1987).

claims.[11] We held that when the legislature enacted RCW 4.56.115, it had expressly waived sovereign immunity from *post*judgment interest on tort claims, while at the same time, by necessary implication, *not* waiving sovereign immunity from *pre*judgment interest on tort claims. Since 1987, the legislature has met many times without abrogating or altering *Norris*.

¶12 Foster argues that the legislature waived sovereign immunity from prejudgment interest on tort claims brought against the ferry system under RCW 47.60.210[12] or RCW 47.60.230,[13] even though it did not waive on tort claims like the one in *Norris*. But the authority for prejudgment interest on *any* tort claim is RCW 4.56.115, the very statute that *Norris* construed. Accordingly, *Norris* applies to a tort claim against the ferry system as much as to any other tort claim.

¶13 Foster argues that federal admiralty law supersedes state law and that it permits prejudgment interest on tort claims against the state ferry system. But according to the majority of federal courts, prejudgment interest is not awarded in "mixed" cases, i.e., in cases involving both Jones Act and other admiralty law claims.[14] This case is "mixed,"

---

[11] *Norris*, 46 Wn. App. at 825; *see also State v. Turner*, 114 Wn. App. 653, 659-61, 59 P.3d 711 (2002).

[12] RCW 47.60.210 provides, "The state consents to suits against the department by seamen for injuries occurring upon vessels of the department in accordance with the provisions of section 688, title 46, of the United States code [the Jones Act]."

[13] RCW 47.60.230 provides, "In case of . . . personal injuries . . . resulting from the operation of any ferry or terminal by the department, any person, . . . subject to and to the extent hereinafter provided, has a right of action against the department for the . . . injury."

[14] *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 956 (5th Cir. 1984) (in a mixed case, " 'there is no separate "pure" admiralty item on which to allow interest' ") (quoting *Barton v. Zapata Offshore Co.*, 397 F. Supp. 778, 780 (E.D. La. 1975)); *Petersen v. Chesapeake & Ohio Ry.*, 784 F.2d 732, 741 (6th Cir. 1986) ("[w]here it is impossible to determine if the damages awarded relate only to the unseaworthiness claim, prejudgment interest will not be awarded"); *Mihalopoulos v. Westwind Africa Line, Ltd.*, 511 So. 2d 771, 781 (La. Ct. App. 1987) (in mixed cases "plaintiff is not entitled to any pre-judgment interest"); *Cano v. Gonzalez Trawlers, Inc.*, 809 S.W.2d 238, 240 (Tex. App. 1990) (in mixed cases, "the plaintiff is not entitled to any prejudgment interest").

in that Foster brought a Jones Act claim as well as claims for unseaworthiness, maintenance and cure.

¶14 Foster relies on *Sintra, Inc. v. City of Seattle*.[15] But as the State correctly points out, the result in that case hinged on RCW 8.04.092, a statute not present here.

¶15 Concluding that the State has not waived sovereign immunity with respect to prejudgment interest in this case, we remand with directions to strike the prejudgment interest award. In all other respects, the judgment is affirmed.

ARMSTRONG and HUNT, JJ., concur.

---

[15] 131 Wn.2d 640, 935 P.2d 555 (1997).