[No. 23752.   Department One.   December 6, 1932.]

J. M. BREWSTER, *Respondent and Cross-appellant,* v.
THE STATE OF WASHINGTON, *Appellant.*[1]

*The Attorney General* and *E. P. Donnelly, Assistant,*
for appellant.

*Preston, Thorgrimson & Turner* and *Nelson R.
Anderson,* for respondent and cross-appellant.

MILLARD, J.—Under a written contract of December
1, 1925, with the state of Washington, J. M. Brewester
was obligated to clear, grade and drain a portion of
state road No. 12 in Wahkiakum and Pacific counties.

[1]Reported in 16 P. (2d) 813.

A few months subsequent to the execution of the contract, the state made a new survey, which resulted in certain changes in the original plans. On September 1, 1927, the resident engineer certified, "work completed, September 1st, 1927." The parties executed a final estimate on March 23, 1928. It fairly appears that the state then accepted the job as complete as of September 1st, 1927, and that the state and the contractor reserved the right to litigate their respective contentions as to the compensation due the contractor.

This action was brought by the contractor to recover balance claimed to be due under his contract. By cross-complaint, the state sought to recover an amount alleged to have been paid to the contractor in excess of the amount due. The cause was tried to the court, which found that the plaintiff was entitled to recover $18,512.78 for hill borrow, overhaul, drain, ditch construction, channel changes and arch culvert; and that the plaintiff was entitled to interest at six per cent per annum on that amount from September 1st, 1927 (date of completion of the work), to date of judgment. The court found that plaintiff was not entitled to recover $8,278.53 damages by reason of overhaul eliminated, "for the reason that the defendant under said contract was authorized and empowered to make the changes." From judgment entered in harmony with the findings, the defendant has appealed and the plaintiff has cross-appealed.

With the exception of the allowance of interest from date of completion of the work to date of judgment, the appeal of the state presents only questions of fact. To recite in detail the facts involved would serve no useful purpose. We are convinced, by our examination of the record, that the evidence does not preponderate against the court's findings.

"It is the established rule in this state that findings of fact made by the trial court are to be considered as verities in support of the judgment rendered thereon, unless from the record it appears that they are contrary to the clear preponderance of the evidence." *Petro Paint Mfg. Co. v. Taylor,* 147 Wash. 158, 265 Pac. 155.

The judgment for $18,512.78 is amply supported by the findings, hence will not be disturbed.

■ Interest should not have been allowed upon the recovery of $18,512.78 prior to the date of the judgment. The demands on both sides, that of the contractor for $29,700.33 and that of the state for $2,231.93, were unliquidated. As to some of the items, evidence was required to establish the value of the services rendered. As to the other items, the classification thereof and the price to be paid therefor were disputed. It was essential that evidence be adduced to establish the quantity of work performed, as well as its classification, to ascertain the amount due. In *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837, we held that

"Where, however, the demand is for something which requires evidence to establish the quantity or amount of the thing furnished, or the value of the services rendered, interest will not be allowed prior to the judgment."

■ The trial court did not err in denying recovery to the respondent (cross-appellant) for the portion of overhaul eliminated. The contract provided

"The preliminary estimates, the plans and the grade and alignment as staked on the ground, are intended to represent the work to be done, with reservation of the right by the State through the engineer to alter the grade line and alignment, or either, and to increase or decrease the quantities of work as specified by this contract. The contractor shall perform all work in quantities additional to, or less than, those designated

in the approximate estimate as the engineer may direct, and payment therefor will be made according to the schedule of rates and prices hereto attached.''

Under the above-quoted provision of the contract, the state was permitted to eliminate a portion of the overhaul without incurring liability. The contract price was based on a unit system. As there was no increase in the cost of the performance of the overhaul, the contractor was not entitled to recover because a change in the plans increased the number of units of work of one class and decreased the number in another. In *Kieburtz v. Seattle,* 84 Wash. 196, 146 Pac. 400, the city decreased the units of a certain character of work and increased the units of another character of work. While we held that liability would be incurred for the extra cost of labor or material where a radical or material change was made in the work so as to increase the cost of performance, we said:

''But in a work where the contract price is based on a unit system, we cannot think a right of recovery can be grounded upon a loss caused by reason of the performance of work required by the contract merely because a change in the plans of the work increased the number of units of work of one class and decreased the number in another; especially where, as in the present case, the city is empowered by the contract to make 'variations in the quantity of the work to be done'.''

The authorities upon which cross-appellant relies are distinguishable on the facts from the case at bar.

The item of interest allowed prior to date of judgment should be, and it is, eliminated. In all other respects, the judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.