[No. 24859.   Department Two.   February 14, 1934.]

WILLIAM SPIER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant (Dorothee Scarbrough,* of counsel), for appellant.
*J. O. Davies,* for respondent.

BLAKE, J.—January 26, 1931, plaintiff, while working as a hook tender in a logging operation, sustained injuries which will be hereinafter more specifically described. He received hospital care, medical attention and compensation for time lost, under the workmen's compensation act, until July 26, 1931. As of that date, the department of labor and industries, believing plaintiff's condition had become fixed, awarded him permanent partial disability to the extent of six degrees. The plaintiff appealed to the joint board.

[1] Reported in 29 P. (2d) 679.

Under directions of the board, two hearings were had before examiners of the department, at which the plaintiff and two physicians, called by him, testified. The department offered no evidence at these hearings. During the pendency of the hearing, however, the plaintiff, at the instance of the joint board, submitted himself for examination to Dr. Whitacre, who made a written report of his findings, which was filed as a part of the record in the case. Upon the record so made, the joint board affirmed the ruling of the department.

Plaintiff appealed to the superior court of Lewis county, where the case was heard on the record as made before the joint board and the testimony of Dr. Whitacre, who was called as a witness by the department. The plaintiff also offered himself as a witness. Upon the record and testimony, the court reversed the decision of the joint board and allowed plaintiff fifty degrees permanent partial disability in addition to the six degrees allowed by the department. The department appeals.

The case is here for trial *de novo*. *Johnston v. Department of Labor and Industries,* 163 Wash. 549, 2 P. (2d) 67. In considering the record, we shall bear in mind that the statute provides that the decision of the department shall be *prima facie* correct, but we must also take into account that the department had before it only the written record of the testimony of respondent, his two physicians and the department's own physicians. So we are on an equal footing with the board in judging of the credibility of such witnesses. *Cheney v. Department of Labor and Industries,* 175 Wash. 60, 26 P. (2d) 393.

The testimony of Dr. Whitacre was to the effect that he found no anatomical evidences which could

be held responsible for the symptoms of which respondent complained. He admitted respondent was straightforward and apparently honest. He intimated, however, that respondent might be suffering from "compensation psychosis."

One of the physicians who testified for respondent attended him for his injuries; the other, an orthopedic specialist, examined respondent in the fall of 1932. From their testimony, the injuries sustained by respondent may be summed up as follows: Comminuted fracture with displacement of the lower third of the left tibia and fibula, a simple fracture of the sacrum, a sacro-iliac slip, severe contusions of the entire back, severe injury to the fourth and fifth lumbar vertebrae, and a fracture of the articular process between those vertebrae. Both physicians were agreed *that respondent would never be able to work in the woods again.* His attending physician estimated his disability from following any gainful occupation at fifty *per cent*. The orthopedic specialist estimated such disability at thirty-five *degrees*. Under the department method of computing permanent partial disability, fifty *per cent* would equal forty *degrees*.

We are satisfied that the respondent sustained the burden of proof, and that the evidence adduced by him clearly overcomes the presumption of correctness to be accorded to the decision of the department. We are of the opinion, however, that the evidence does not warrant the finding of the trial court that respondent's disability amounts to fifty-six degrees. Taking the testimony as a whole, it is our judgment that respondent's permanent partial disability amounts to a total of thirty-five degrees.

The judgment of the trial court carries interest at six per cent. The general rule is that the state

cannot, without its consent, be held to interest on its debts. 15 R. C. L. 17; *United States ex rel. Angarica v. Bayard,* 127 U. S. 251, 8 S. Ct. 1156; *United States v. North Carolina,* 136 U. S. 211, 10 S. Ct. 920. It is contended by respondent that the judgment is essentially not against the state. To this, we cannot agree. The department of labor and industries is a state agency, exercising functions which, under the declarations of the workmen's compensation act, are governmental.

The cause is remanded, with directions to the trial court to modify its judgment in accordance with the views herein expressed.

GERAGHTY, TOLMAN, and MITCHELL, JJ., concur.

BEALS, C. J. (dissenting)—I concur in the foregoing opinion, save that I think that respondent's disability should be established at not more than twenty degrees.