[No. 1843–3.   Division Three.   February 24, 1977.]

GILBERT H. MOEN, *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*

*Ray L. Greenwood,* for appellant.

*Slade Gorton, Attorney General,* and *Owen F. Clarke, Jr., Assistant,* for respondent.

PER CURIAM.—This appeal presents one question:

Is the State of Washington liable for interest on a judgment founded on a written contract under the provisions of RCW 4.56.110?

We answer in the negative and affirm.

On October 15, 1973, plaintiff was granted an award in an arbitration proceeding arising from a construction contract with the State of Washington. On November 16, 1973, plaintiff petitioned the Superior Court to confirm the award, which was denied. On appeal, we reversed the denial and directed the judgment be entered on the arbitration award. *Moen v. State,* 13 Wn. App. 142, 533 P.2d 862 (1975). On October 20, 1975, the parties were before the trial court for entry of judgment at which time plaintiff requested interest on the judgment at 8 percent per annum from November 16, 1973, to October 20, 1975. The trial court determined that the State of Washington was not liable for interest in this case and denied the request. Plaintiff appeals.

RCW 4.56.110 provides in pertinent part:

Interest on judgments shall accrue as follows:

. . .

(2) . . . judgments shall bear interest at the rate of eight percent per annum from the date of entry thereof:

. . .

Plaintiff argues that this statute subjects the State to liability for interest on judgments founded on written contracts due to the broad language of the statute and its failure to expressly exclude the State from its provisions. We disagree.

The State cannot be sued without its consent, and then only in a manner and to the extent provided by statute. *Pape v. Armstrong,* 47 Wn.2d 480, 287 P.2d 1018 (1955); *Spier v. Department of Labor & Indus.,* 176 Wash. 374, 29 P.2d 679 (1934). It is well settled that the State

is not liable for interest in any case except where expressly, or by a reasonable construction of a contract or statute, it has placed itself in a position of liability.

*Bond v. State,* 70 Wn.2d 746, 748, 425 P.2d 10 (1967); *Fosbre v. State,* 76 Wn.2d 255, 456 P.2d 335 (1969); *Pape v. Armstrong, supra.* Here, the statute does not expressly impose liability for interest upon the State, nor does a reasonable construction impose such liability. *See Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 377, 512 P.2d 1137 (1973). If interest is to be allowed on judgments against the State arising from written contracts, it must be accomplished by legislative action as in other cases. *See* RCW 4.56.115 and RCW 8.28.040. There is no error.

Affirmed.