[No. 45186.   En Banc.   August 23, 1979.]

ARCHITECTURAL WOODS, INC., *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*

*Kane, Vandeberg & Hartinger,* by *Harold T. Hartinger,* for appellant.

*Slade Gorton, Attorney General,* and *Larry Schreiter, Richard M. Montecucco, Senior Assistant, Sally P. Austin,* and *Michael F. Flynn, Assistants,* for respondent.

PER CURIAM.—This case presents the issue of whether a private litigant who has been awarded judgment arising out of a contract with a state agency may recover prejudgment and postjudgment interest from the agency. We answer that question in the affirmative.

The facts and procedural history of this case can be summarized as follows:

On March 10, 1971, The Evergreen State College at Olympia (Evergreen), an agency of the State, entered into a contract with the Didco Corporation (Didco) for the construction of student room furnishings in a student dormitory. Architectural Woods, Inc., Didco's assignee as to funds due on the contract, brought an action against Evergreen to recover an amount of the assigned funds still owing under the assignment, claiming that Evergreen paid the funds to the wrong party. The action was dismissed by the trial court. Architectural Woods appealed, and we reversed the trial court's decision, remanding the cause to Superior Court for entry of judgment on behalf of Architectural Woods. *Architectural Woods, Inc. v. State,* 88 Wn.2d 406, 562 P.2d 248 (1977). When the case returned to the Superior Court for judgment, Architectural Woods proposed a judgment for the principal sum due and for prejudgment and postjudgment interest.

Judgment after the appeal was entered October 26, 1977, awarding plaintiff $34,226.90, but denying plaintiff prejudgment and postjudgment interest. The trial court denied the interest on the ground that such an award is barred by the doctrine of sovereign immunity. Plaintiff then brought this appeal challenging the denial of its request for interest.

The legislature has passed statutes which set the rate of interest for prejudgment interest[1] and postjudgment interest.[2] Neither of these statutes expressly exempts the State from their operation. An early case, *Brewster v. State,* 170 Wash. 422, 16 P.2d 813 (1932), held that a contractor who obtained a judgment against the State on a contract claim could not be awarded prejudgment interest on the ground that such interest would only be awarded on liquidated claims. In its opinion, the court did not mention the doctrine of sovereign immunity as a ground for withholding interest.

The doctrine was first used in this state as a bar to the award of postjudgment interest in a case involving a workmen's compensation claim. *Spier v. Department of Labor &*

---

[1] "Every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of six percent per annum where no different rate is agreed to in writing between the parties. The discounting of commercial paper, where the borrower makes himself liable as maker, guarantor or indorser, shall be considered as a loan for the purposes of this act." RCW 19.52.010.

[2] "Interest on judgments shall accrue as follows:

"(1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in such contracts, not in any case, however, to exceed ten percent per annum: *Provided,* That said interest rate is set forth in the judgment.

"(2) Except as provided under subsection (1) of this section, judgments shall bear interest at the rate of eight percent per annum from the date of entry thereof: *Provided,* That in any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered: *Provided, however,* That in any case where notice of appeal or petition for writ of review is filed prior to June 12, 1969, interest shall accrue from the date of entry of judgment and shall not date back to the date the verdict was rendered." RCW 4.56.110.

*Indus.,* 176 Wash. 374, 29 P.2d 679 (1934). This court stated the general rule that "the state cannot, without its consent, be held to interest on its debts." *Spier,* at 376–77. This rule has been restated in subsequent cases involving various types of claims, including: tort actions under the tort claims act,[3] *Fosbre v. State,* 76 Wn.2d 255, 456 P.2d 335 (1969); workmen's compensation claims, *Horton v. Department of Labor & Indus.,* 199 Wash. 212, 90 P.2d 1009 (1939); claims for illegally exacted taxes, *Columbia Steel Co. v. State,* 34 Wn.2d 700, 209 P.2d 482 (1949); an action in mandamus arising under the veterans preference act, *Bond v. State,* 70 Wn.2d 746, 425 P.2d 10 (1967); and contract claims, *Pape v. Armstrong,* 47 Wn.2d 480, 287 P.2d 1018 (1955); *Moen v. State,* 17 Wn. App. 35, 560 P.2d 728 (1977).

However, successive cases have expanded this rule considerably since its inception in *Spier.* In *Columbia Steel Co. v. State, supra,* a case in which plaintiffs sought interest on illegally exacted taxes, the court followed the rule of *Spier* but modified the rule to fit the facts and law of the case. The court stated, at page 713, that

> *In the absence of a statute* providing that the state shall be liable for interest upon amounts awarded to private parties by judgments for the refund of taxes, . . . interest upon the amounts which the taxpayers may recover will not be allowed.

(Italics ours.)

It is noteworthy that up to and including the decision in *Columbia Steel,* none of the cases which had been decided on the question of recovery of interest from the State had involved contract claims. Due to the statutory schemes

---

[3]Notably, after *Fosbre v. State,* 76 Wn.2d 255, 456 P.2d 335 (1969), was decided, the legislature passed a statute to allow the recovery of interest from the state in tort actions. RCW 4.56.115. Following the decisions of *Spier v. Department of Labor & Indus.,* 176 Wash. 374, 29 P.2d 679 (1934), and *Columbia Steel Co. v. State,* 34 Wn.2d 700, 209 P.2d 482 (1949), the legislature had likewise enacted laws which allowed interest to be recovered from the state in workmen's compensation cases, RCW 51.32.080, and claims for illegally exacted taxes, RCW 82.32.060.

underlying those cases, it was logical to interpret the "consent" requirement of the *Spier* rule to mean "statutory consent." By the time *Pape v. Armstrong, supra,* was decided, the requirement of statutory consent had been firmly engrafted into the rule of *Spier,* which merely held that a state cannot be held to interest without its consent. Therefore, in *Pape,* the first one in this line of cases in which the plaintiff sought interest on a contract claim, the court denied the claim, holding:

> The state cannot be sued without its consent, and *then only in the manner and to the extent provided* by statute. *Spier v. Department of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679; *Columbia Steel Co. v. State,* 34 Wn. (2d) 700, 209 P. (2d) 482. Since no applicable statute consenting to the state's being held liable for interest has been called to our attention, we hold that the trial court erred in including the provision for interest in the judgment.

(Italics ours.) *Pape v. Armstrong, supra* at 489.

In applying the "statutory consent" standard of *Columbia Steel* as opposed to the general "consent" standard enunciated in *Spier,* the court in *Pape* was constrained to find that no such consent to liability for interest was given.

Subsequently, in *Bond v. State, supra* at 748, this court stated that Washington has followed the "generally recognized rule" that a state is not liable for interest in any case "except where expressly, or *by a reasonable construction of a contract or statute,* it has placed itself in a position of liability." (Italics ours.) These requirements have been strictly followed. In *Fosbre v. State, supra,* the court was presented with the question of whether the State is liable for interest under the tort claims act, which provides:

> The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent *as if it were a private person or corporation.*

(Italics ours.) RCW 4.92.090.

The court held, over Justice Weaver's dissent, that this provision did not create liability for interest on the part of the State. In his dissent, Justice Weaver wrote, at page 258:

It is apparent that when the state consented to submit to tort liability, as it is authorized to do by article 2, section 26 of the state constitution, it placed itself in the same position as other litigants, and, like them, rendered itself liable upon any judgment the court might determine from the facts.

Most recently, in *Moen v. State,* 17 Wn. App. 35, 560 P.2d 728 (1977), Division Three of the Court of Appeals denied a claim of postjudgment interest on a judgment against the State based on a contract claim. The court held that the failure of the statute to expressly exclude the State from its provisions did not entitle the plaintiff to interest, following the rule articulated in *Bond* that a state "is not liable for interest in any case except where expressly, or by a reasonable construction of a contract or statute, it has placed itself in a position of liability." *Moen v. State, supra* at 37.

By our present ruling, we reinstate the rule of *Spier* that the State without its consent cannot be held to interest on its debts. As such, we decline to abrogate the doctrine of sovereign immunity as plaintiff has urged, and we adhere to our position in *Kelso v. Tacoma,* 63 Wn.2d 913, 390 P.2d 2 (1964), that governmental immunity is a matter of state policy which can be changed only by the legislature. However, we depart from those cases which have modified and qualified the rule of *Spier* to the point that it cannot be justly applied. It is our opinion that the consent to liability for interest which was required under the rule of *Spier* can be an implied consent, and is not limited to the express statutory or contractual consent, which was required by subsequent cases. It is our further opinion that by the act of entering into an authorized contract with a private party, the State, absent a contractual provision to the contrary, thereby waives its sovereign immunity in regard to the transaction and impliedly consents to the

same responsibilities and liabilities as the private party, including liability for interest. Therefore, we specifically overrule the decisions of *Pape v. Armstrong, supra,* and *Moen v. State, supra,* which held that the State is not liable for interest on a written contract.

Pursuant to RCW 4.92.010:

> Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court.

The word "claim" as used in the statute means "cause of action." *Northwestern & Pac. Hypotheek Bank v. State,* 18 Wash. 73, 50 P. 586 (1897); *Systems Amusement, Inc. v. State,* 7 Wn. App. 516, 500 P.2d 1253 (1972). By this statute, the State has waived its sovereign immunity from lawsuits of various types.

However, we believe that this statute is only one expression of the legislature's consent to suit on a *contract* claim. The State also *impliedly* waived immunity for Evergreen here by the legislature's enactment of RCW 28B.10.300,[4] which authorized Evergreen to engage in contracts such as the one in the present case and by Evergreen's actual entry into such a contract. We hold that this implied waiver of sovereign immunity includes not only consent for Evergreen to be sued, but also consent for Evergreen to be held to the same responsibilities and liabilities as a contracting individual. This includes liability for prejudgment and postjudgment interest.

In finding an implied consent by the State to be sued on authorized contracts, we agree with the reasoning of the

---

[4]RCW 28B.10.300 states, in part:

"The boards of regents of the state universities and the boards of trustees of the state colleges are severally authorized to:

"(1) Enter into contracts with persons, firms or corporations for the construction, installation, equipping, repairing, renovating and betterment of buildings and facilities for the following:

"(a) dormitories"

This statute, which was in effect at the time of the contract between the parties to this case, was amended in 1973. The amended version does not significantly differ from the former statute in relation to the issues discussed here.

Idaho Supreme Court in *Grant Constr. Co. v. Burns,* 92 Idaho 408, 443 P.2d 1005 (1968). In that case, the state of Idaho claimed that it could not be held liable for damages arising from its breach of contract because the State had not expressly waived its immunity from suit. There existed no express statute under which the State could be sued for breach of contract. However, the Idaho Supreme Court held that a waiver of sovereign immunity in such a situation could be implied.

In regard to the scope of this implied waiver, the court cited from the case *Carr v. State ex rel. Coetlosquet,* 127 Ind. 204, 26 N.E. 778 (1891), in which the Supreme Court of Indiana stated, at pages 206–07:

> In entering into the contract it [the state] laid aside its attributes as a sovereign and bound itself substantially as one of its citizens does when he enters into a contract. Its contracts are interpreted as the contracts of individuals are, and the law which measures individual rights and responsibilities measures, with few exceptions, those of a State whenever it enters into an ordinary business contract.

A similar approach was taken by the Supreme Court of Kansas, which held that since the State Public Employees Retirement System may be sued on its contractual obligations, prejudgment and postjudgment interest was allowable as a proper element of damages for breach of its contract. That court considered the legislative authorization for the Retirement System to engage in and carry out contracts and concluded that the legislature has given its consent that the system be sued on its authorized contract. The court then reasoned:

> Where the state legislature has consented that one of its agencies may be sued on its express contracts, the waiver of sovereign immunity should extend to every aspect of its contractual liability including the right to the other contracting party to recover interest where it is customarily included as a part of the damages to be awarded for breach of contract. As we stated in *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21, if the government is to

enter into business ordinarily reserved to the field of private enterprise, it should be held to the same responsibilities and liabilities.

*Shapiro v. Kansas Pub. Employees Retirement Sys.,* 216 Kan. 353, 357, 532 P.2d 1081 (1975).

We consider this reasoning to be sound and to accord with principles of fairness. In regard to public works contracts, we recognize that costs of financing are very important, and that the loss of the use of money is likely to have serious effects on the financial status of a contractor. *See* Vance, *Fully Compensating the Contractor for Delay Damages in Washington Public Works Contracts,* 13 Gonz. L. Rev. 410, 454 (1978). Furthermore, our decision is harmonious with the reasoning of early cases of this court which expressed the principle that the State must not expect more favorable treatment than is fair between men in its business relations with individuals. *State ex rel. Washington Paving Co. v. Clausen,* 90 Wash. 450, 156 P. 554 (1916). In *State ex rel. Gillette v. Clausen,* 44 Wash. 437, 87 P. 498 (1906), this court held that the state auditor had no power to set aside an authorized employment contract on the ground that the compensation was unreasonable and excessive. The court reasoned:

> "There is not one law for the sovereign and another for the subject; but, when the sovereign engages in business and the conduct of business enterprises, and contracts with individuals, although an action may not lie against the sovereign for a breach of the contract, whenever the contract, in any form, comes before the courts, the rights and obligations of the contracting parties must be adjusted upon the same principles as if both contracting parties were private persons. Both stand upon equality before the law, and the sovereign is merged in the dealer, contractor and suitor." *People v. Stephens,* 71 N. Y. 527, 549.

*State ex rel. Gillette v. Clausen, supra* at 441.

We therefore reverse the trial court's denial of interest to the plaintiff based on sovereign immunity and hold that any sovereign immunity possessed by Evergreen was waived

by its entry into an authorized contract. We further hold that such waiver extended to every aspect of its contractual liability including liability for interest. The case is remanded with instructions to determine the proper amount of prejudgment and postjudgment interest.

The foregoing opinion was prepared by Justice Orris L. Hamilton prior to his retirement and is adopted by the court as its opinion.