2014 COA 15

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Adelbert BASSFORD, Defendant–Appellant.**

**Court of Appeals No. 12CA1005**

Colorado Court of Appeals, Div. IV.

Announced February 27, 2014

Rehearing Denied April 24, 2014

City and County of Denver District Court Nos. 02CR5043 & 03CR4422, Honorable Martin F. Egelhoff, Judge

John W. Suthers, Attorney General, Michael D. McMaster, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Thomas K. Carberry, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE ROMÁN

¶ 1 Defendant, Adelbert Bassford, appeals the district court's order vacating his original sentence and imposing a new sentence. We vacate the new sentence and remand for resentencing.

## I. Factual Background

¶ 2 Defendant was charged with one count of violating the Colorado Organized Crime Control Act (COCCA), and with multiple counts of securities fraud and felony theft in Denver District Court in case number 02CR5403. He was later charged with one count each of felony theft, defrauding a secured creditor, and forgery in Denver Dis-

trict Court in case number 03CR4422. The cases were consolidated for trial.

¶3 A jury found defendant guilty of all counts ultimately tried, namely: one count of a COCCA violation, multiple counts of securities fraud and felony theft, and one count each of defrauding a secured creditor and forgery.

¶4 The district court sentenced defendant to concurrent terms in the custody of the Department of Corrections (DOC) on the convictions in case number 03CR4422, with the sentence for the felony theft conviction controlling—four years in the custody of the DOC plus mandatory parole. The district court sentenced defendant to concurrent terms of incarceration in the custody of the DOC on the convictions in case number 02CR5403, with the sentence for the felony COCCA violation controlling. On that count, the court sentenced defendant to eighteen years in the custody of the DOC plus mandatory parole; however, the court suspended ten years of the prison sentence on the condition that, upon his release from DOC custody, defendant successfully complete twelve years of probation with the economic crime unit. The prison sentences on the concurrent counts were each less than the unsuspended eight years on the COCCA count.

¶5 The court imposed the sentence for the 02CR5403 convictions consecutively to the sentence for the 03CR4422 convictions.[1] In aggregate, defendant was to serve twelve years in DOC custody, then twelve years on probation.

¶6 On appeal, the forgery conviction was vacated, but the judgment and sentence were affirmed as to all other counts. *People v. Bassford*, (Colo.App. No. 08CA0221, 2011 WL 3717081, Aug. 25, 2011) (not published pursuant to C.A.R. 35(f)). In that appeal, defendant did not challenge the probation component of the sentence.

¶7 Then, after serving approximately five years in prison, defendant was transferred to community corrections. While there, he filed a motion seeking to prohibit probation supervision until he completed his parole. In response to that motion, the People asserted that defendant's sentence was illegal and asked the court to modify the sentence by removing the suspension, resulting in an aggregate sentence of twenty-two years in the custody of the DOC plus mandatory parole.

¶8 Defendant, too, claimed the sentence was illegal. But he contended in a Crim. P. 35(a) motion that the appropriate remedy was for the court to remove the probation requirement only, leaving the suspension of ten years in DOC custody intact.

¶9 To summarize, the People wanted the sentence declared illegal and modified to impose the entire twenty-two-year sentence in DOC custody. Defendant wanted the sentence declared illegal, but the ten-year suspension retained without the need for probation.

¶10 However, the district court did not explicitly rule on whether the original sentence was illegal. Instead, the court relied on Crim. P. 35(b) to vacate the original sentence and then resentenced defendant. Taking the sentences in the aggregate, the court sentenced defendant to twenty-two years in DOC custody plus mandatory parole. The court then suspended the entire DOC sentence (giving defendant credit for just over twelve years of time served) and imposed twelve years of probation with the economic crime unit.

¶11 On appeal, defendant contends that his original sentence was illegal and that the district court erred by resentencing him rather than simply removing the probation requirement.

¶12 We conclude the district court erred in resentencing defendant pursuant to Crim. P. 35(b). We further conclude that the origi-

---

1. Although the mittimuses reflect that the sentences in each case were to be served consecutively to the other, the trial court made clear in its oral pronouncement that the 03CR4422 prison terms be served first: "All of the counts in the 02 case will run concurrently with each other, but again they will run consecutively with the '03 case. The reason I wanted to sentence that one first is that I want the four-year sentences served before the unusual COCCA cases [sic] is served." *See People v. Rockne*, 2012 COA 198, ¶24, 315 P.3d 172 (to extent written order differs from oral pronouncement of court, conflict resolved in favor of oral pronouncement).

nal sentence was illegal. However, we disagree with defendant's proposed remedy and conclude instead that the case must be remanded for resentencing.

## II. Crim. P. 35(b)

¶ 13 The district court erred in relying on Crim. P. 35(b) to modify defendant's sentence because the court did not reduce his sentence.

■ ¶ 14 Crim. P. 35(b) authorizes a district court to reduce a sentence. Crim. P. 35(b); *Downing v. People*, 895 P.2d 1046, 1049 (Colo.1995). Specifically, the rule, entitled "Reduction of Sentence," provides:

> The court may *reduce* the sentence provided that a motion for reduction of sentence is filed [within a certain time frame]. . . . The court may *reduce* a sentence on its own initiative within any of the above periods of time.

Crim. P. 35(b) (emphasis added); *see also People v. Arnold*, 907 P.2d 686, 687 (Colo. App.1995) (A Crim. P. 35(b) motion is "essentially a plea for leniency" and the rule "is intended to give every convicted offender a second round before the sentencing court and to give the court the opportunity to reconsider the sentence in light of further information about the defendant or the case which is presented after the initial sentence.").

¶ 15 Here, rather than granting a more lenient sentence, the district court acted under Crim. P. 35(b) to impose a sentence which attempted to give effect to the intent of the trial court's original sentence. According to the district court, Crim. P. 35(b) "permits the Court on its own motion to modify a sentence and . . . the Court is going to exercise its discretion in this case and I am going to modify the sentence. . . . [and] order [the] exact same sentences be imposed." The court then suspended the pris-

on sentences, placed defendant on probation, and credited him with 4,426 days of presentence confinement credit (which the court stated was based on defendant serving twelve years in DOC custody, plus forty-six days prior to that).[2]

¶ 16 Notably, neither party contends that the district court reduced defendant's sentence. The People contend defendant was resentenced to the same sentence; defendant contends the district court increased his sentence. We agree that the district court did not reduce defendant's sentence.

¶ 17 Because Crim. P. 35(b) provides a mechanism for the reduction of a sentence, rather than for the correction of an illegal sentence, the court erred in attempting to correct an illegal sentence by modifying rather than reducing it under Crim. P. 35(b). *See Downing*, 895 P.2d at 1049 (court's order sentencing the defendant to eight years in community corrections pursuant to Crim. P. 35(b) increased, rather than reduced, original sentence of six years in DOC custody, and thus was not authorized by statute or by rule and was void).[3]

¶ 18 We turn next to defendant's original sentence.

## III. Original Sentence

¶ 19 Defendant contends that the court imposed an illegal sentence by ordering him to complete probation after his release from DOC custody. We agree.

■ ¶ 20 The legality of a sentence is a question of law that we review de novo. *People v. Jenkins*, 2013 COA 76, ¶ 11, 305 P.3d 420. "[I]t is the prerogative of the legislature to define crimes and prescribe punishments." *Fierro v. People*, 206 P.3d 460, 461 (Colo.2009). Accordingly, a court "may not impose a sentence that is inconsis-

**2.** The trial court had stated its intent to effectively sentence defendant to twelve years in DOC custody followed by twelve years of probation, but did not explain how parole would factor in. Because defendant had nearly completed the unsuspended incarceration portion of the sentence when the illegal sentence issue arose, the district court avoided the parole issue on resentencing by suspending the entirety of the DOC sentences,

including the portion defendant had already served.

**3.** Because the court erred in modifying defendant's sentence under Crim. P. 35(b), we disagree with the People's contention that defendant's claim that his original sentence was illegal is moot.

tent with the terms specified by statutes." *People v. Dist. Court,* 673 P.2d 991, 995 (Colo.1983). A court may not depart from the statutory sentencing scheme to impose what it considers to be a more appropriate sentence. *People v. White,* 679 P.2d 602, 603–04 (Colo.1984).

¶ 21 On the COCCA violation, the trial court suspended ten years of an eighteen-year DOC sentence on the condition that defendant complete probation after serving the first eight years in DOC custody. This is similar to the situation considered in *People v. District Court,* 197 Colo. 481, 593 P.2d 1372 (1979). There, the defendant was initially sentenced to a controlling term of ten to fifteen years in prison, which the district court reconsidered on the defendant's motion after he had served seven months. *Id.* at 482, 593 P.2d at 1373. The district court then ordered the defendant to serve the balance of the first year in the state penitentiary, but suspended nine years of the ten year sentence, and placed the defendant on ten years of probation commencing at the conclusion of the one-year confinement. *Id.*

¶ 22 The supreme court concluded that the district court exceeded its statutory authority by suspending nine years of the ten-year sentence and placing the defendant on probation. *Id.* The supreme court stated that "while the policy of granting probation with a period of penal confinement as a condition may be beneficial in some instances, it [is] for the legislature to declare such a policy and not the court." *Id.* at 483, 593 P.2d at 1374.

¶ 23 The General Assembly had provided for the possibility of incarceration as a condition of probation, but had established limits thereon. *Id.* (citing § 16–11–202, C.R.S.1973 (1978 Repl.Vol. 8)). As it does today, the probation statute allowed that:

> In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a

felony, sixty days for a misdemeanor, or ten days for a petty offense unless it is a part of a work release program.

*Id.* (internal quotation marks omitted); § 18–1.3–202(1), C.R.S.2013. Accordingly, a court "is not free to impose as a condition of probation any period of incarceration in the state penitentiary ..., nor may any period of incarceration in a county jail exceed the prescribed time limits." *People v. Dist. Court,* 197 Colo. at 484, 593 P.2d at 1374.

■ ¶ 24 Here, as in *People v. District Court,* the court was without statutory authority to suspend ten years of the eighteen year DOC sentence on the condition that defendant complete economic crime probation after the initial eight years in the DOC. *See also People v. Flenniken,* 749 P.2d 395, 399 (Colo.1988) ("The sentencing scheme under the criminal code permits a court to choose between a sentence of imprisonment and a sentence of probation."); *People v. Dist. Court,* 673 P.2d at 995 (sentencing statute "authorizes the trial court to grant probation ... *or* to impose a sentence of imprisonment for a definite period of time"); *People v. Delgado,* 832 P.2d 971, 974 (Colo.App.1991) (the statute authorizing suspension of sentence "allows the trial court only to suspend the imposition or execution of a sentence, not the length of the sentence"); *see also, e.g., Fierro,* 206 P.3d at 465–66 (probation in conjunction with *suspended* sentence is an authorized sentencing alternative).

¶ 25 We reject the People's contention that *People v. Trujillo,* 261 P.3d 485 (Colo.App. 2010), authorizes the sentence imposed here. The probation sentence in that case was imposed consecutively to the prison sentence in a different case. *Id.* at 487–89. The sentence here included prison and probation on a single count.

¶ 26 Because we conclude the sentence originally imposed was illegal, we next consider the appropriate remedy in this situation.

## IV. Remedying an Illegal Sentence

¶ 27 "The court may correct a sentence that was not authorized by law ... at any time." Crim. P. 35(a); *see also People v.*

*White,* 179 P.3d 58, 61 (Colo.App.2007) (unlike other postconviction relief, the court has an affirmative duty to correct its error when it has acted outside the scope of its jurisdiction by issuing an order that results in an illegal sentence).

¶ 28 *How* to correct an illegal sentence, however, can be a difficult question. Accordingly, we will proceed by describing some of the concerns that may arise in remedying illegal sentences, outlining approaches that have been developed, and explaining the approach we conclude is appropriate here based on Colorado law.

### A. Potential Concerns in Remedying Illegal Sentences

¶ 29 Where an illegal sentence had been imposed, a legal sentence generally may be imposed in its stead without running afoul of double jeopardy. *See Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947). "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Id.* (no double jeopardy violation by judge recalling a defendant sentenced to imprisonment to impose fine in addition, where mandatory minimum sentence required both fine and imprisonment).

¶ 30 Thus, on the one hand, our supreme court has noted that imposing a legal sentence in place of an illegal one "protects society's legitimate interest in adequate sentences for convicted criminals and in the overall uniformity of sentences imposed on similarly situated violators. Granting defendants a right to benefit from illegal sentences serves no sound public policy." *People v. Dist. Court,* 673 P.2d at 997.

¶ 31 On the other hand, however, is the concern that a defendant may be *penalized* when an illegal sentence is corrected.

¶ 32 The portion of an illegal sentence which has been served cannot be ignored in instituting a valid sentence. *See King v. United States,* 98 F.2d 291, 293–94 (D.C.App. 1938) (rejecting government's argument that because the first sentence was void, the defendant had "served no sentence but ha[d] merely spent time in the penitentiary" (internal quotation marks omitted)).

¶ 33 Further, depending on when the illegality is discovered, a defendant may have developed an expectation of finality regarding the sentence or a portion thereof. *See People v. Castellano,* 209 P.3d 1208, 1209–10 (Colo.App.2009) (discussing expectation of finality of sentence); *see also Murphy v. Massachusetts,* 177 U.S. 155, 160–62, 20 S.Ct. 639, 44 L.Ed. 711 (1900) (noting that "when a judgment has been executed by full satisfaction of one of the alternative penalties of the law, the court could not change the judgment so as to impose another" (citing *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), but also holding that "the mere fact that by reason of his delay in [appealing] he had served a portion of the erroneous sentence could not entitle him to assert that he was being twice punished")); [4] *United States v. Lundien,* 769 F.2d 981, 987 (4th Cir.1985) (expectation of finality can crystallize after enough time, even in an illegal sentence); *Breest v. Helgemoe,* 579 F.2d 95, 101 (1st Cir.1978) ("[T]he power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit."); but see *United States v. Contreras–Subias,* 13 F.3d 1341, 1346 (9th Cir.1994) (" '[T]here can be no expectation of finality as to sentences that are illegal.' " (quoting *United States v. Edmonson,* 792 F.2d 1492, 1496 n.4 (9th Cir.1986))). Any expectation of finality,

---

4. There is no indication in the record that defendant intentionally delayed seeking correction of his sentence in an attempt to "game" the system, and we do not infer that he did. *Cf. United States v. Martenson,* 178 F.3d 457 (7th Cir.1999) (where the defendant moved to correct sentence after completing prison but prior to commencing probation, court rejected the defendant's argument that because he had completed the prison portion of the sentence, the illegal mix of prison and probation must be corrected by vacating the probation requirement (including condition he pay $3.5 million in restitution)). Rather than seeking to avoid probation when he completed his prison sentence, he moved to delay probation supervision until he had completed parole. The People responded by challenging his sentence as illegal, after which defendant also challenged his sentence as illegal.

however, may be impacted by whether it is the defendant who raises the issue of the illegality of his sentence. *See Contreras–Subias*, 13 F.3d at 1346 (citing *United States v. Jordan*, 895 F.2d 512, 516 (9th Cir.1989)); *King*, 98 F.2d at 295 ("[W]hen he himself attacks the first sentence his later jeopardy is, in some sense, of his own choosing.").

¶ 34 Fear of greater punishment upon correction may also burden a defendant's right to challenge an illegal sentence. *See United States v. DeLeo*, 644 F.2d 300, 302 (3d Cir. 1981); *see also King*, 98 F.2d at 296 (while consideration that "future prisoners who may be sentenced unlawfully should not be deterred from protest by fear of increased severity" has force, "as arguments for exercising judicial discretion in the prisoner's favor they must be addressed to the trial court, and as arguments for a rule of law in his favor they must be addressed to the Supreme Court or to Congress").

¶ 35 And judicial economy is further implicated in that, where greater punishment is imposed, a defendant may institute further proceedings asserting the new sentence is vindictive. *See People v. Montgomery*, 737 P.2d 413, 416 (Colo.1987) (discussing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

### B. Approaches to Remedying Illegal Sentencing

¶ 36 In light of these many and varied considerations, different approaches have been developed to remedy illegal sentences. The two approaches relevant here are (1) lopping off the illegal portion of a sentence where it is severable from the legal portion and (2) resentencing.

### 1. Lopping

¶ 37 Where a court has imposed a sentence in excess of its maximum statutory authority, one appellate approach is to simply "lop off" the excess. Thus, the supreme court has held that a sentence to a term of imprisonment in excess of the maximum statutory penalty "is invalid only as to the excess" and a reviewing court could "remit the invalid excess and so reduce the sentences to [the maximum prison term] which the district court had authority to impose." *Abeyta v. People*, 112 Colo. 49, 51–52, 145 P.2d 884, 885 (1944); *see also Jordan*, 895 F.2d at 513–16 (where the defendants were originally sentenced to twelve years concurrent on all mail fraud counts, but maximum sentence for mail fraud was five years, district court erred by ordering some of corrected sentences of five years each to be served consecutively resulting in aggregate sentence of twelve years); *State v. Gallegos*, 142 N.M. 447, 166 P.3d 1101, 1102–03, 1106 (N. M.Ct.App.2007) (where statute permitted maximum sentence of ninety days jail and $300 fine, and magistrate entered original sentence including ninety days jail, $300 fine, plus community service, a letter of apology, and restitution, appellate court properly struck the last three requirements).

¶ 38 Some courts extend this approach and have remedied illegal sentences by lopping when "a sentence was composed of legal and illegal 'portions,' so that the illegal part could be cleanly 'lopped off.'" *Contreras–Subias*, 13 F.3d at 1344 (quoting *Jordan*, 895 F.2d at 514); *see Jordan*, 895 F.2d at 515–16.

¶ 39 This lopping may be used as an exercise of the appellate court's discretion in appropriate circumstances. *See State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011) ("Generally, in criminal cases, where an improper or illegal sentence is severable from the valid portion of the sentence, we may vacate the invalid part without disturbing the rest of the sentence. We are not, however, required to do so and may remand for resentencing." (citation omitted)); *see also United States v. Garren*, 893 F.2d 208, 210–12 (9th Cir.1989) (where sentence included probation with six months suspended imprisonment and $5,000 fine, and maximum fine allowed was $500, appellate court acknowledged it had authority to mandate complete resentencing, instead limiting mandate to correction of the excessive fine).

¶ 40 Or, there may be other requirements built in to ensure a defendant's rights are protected. *See Cassell v. Cupp*, 296 Or. 488, 677 P.2d 693, 695 (Or.1984) (holding that "[a]lthough it has been said that a judgment which is void in part is not invalid if the void

portion can be separated from the remainder of the judgment, ... if the state attempts to enforce a sentencing judgment which is valid in part and void in part, the state has the burden of proving that the void portion can be severed without prejudice to the defendant").

### 2. Resentencing

¶ 41 Another approach that has been taken to remedying illegal sentences is resentencing. Several courts have explicitly rejected defense arguments that lopping is the proper remedy and approved of resentencing instead. *See, e.g., United States v. Martenson,* 178 F.3d 457 (7th Cir.1999) (where original sentence included an illegal mix of prison and probation, although the defendant argued proper remedy was to vacate probation requirement, district court did not err in imposing new legal sentence including imprisonment on some counts and probation on another count); *Campbell v. State,* 288 Ark. 213, 703 S.W.2d 855, 857–58 (Ark.1986) (where trial court resentenced the defendant to thirty-five years on a single count because the original sentence of fifty years was in excess of statutory maximum, the defendant was not entitled to retain the suspension of fifteen years imposed as part of the original sentence); *People v. Hill,* 185 Cal.App.3d 831, 230 Cal.Rptr. 109, 111 (Cal.Ct.App.1986) ("When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices.... [A]ppellant is trying to keep favorable aspects of the first sentence and to eliminate unfavorable aspects. He is not entitled to such favor[.]").

¶ 42 One court also rejected a lopping argument advanced by the prosecution, finding that resentencing was appropriate in that case, where severing the illegal portion of a sentence would be prejudicial to defendant. *Cassell,* 296 Or. 488, 677 P.2d 693 (order that sentence be served concurrently to sentence in another jurisdiction was not authorized by law, and severing that portion would result in longer prison term).

### C. Colorado's Approach to Remedying Illegal Sentences

¶ 43 Defendant contends that (1) Colorado courts have adopted the lopping approach and that, in this case, (2) the court is required to remedy the illegal sentence by lopping off the illegal probation requirement, but leaving the remainder of his sentence intact. We disagree with both contentions.

¶ 44 First, we conclude that, based on Colorado precedent, resentencing is the proper remedy in this case. The lopping approach depends on the severability of portions of a sentence. This is inconsistent with our supreme court's pronouncement that "[a]s long as any aspect of a sentence is inconsistent with our statutory requirements, the complete sentence is illegal." *Delgado v. People,* 105 P.3d 634, 637 (Colo.2005); *see also Leyva v. People,* 184 P.3d 48, 50 (Colo. 2008) (where multicount judgment included an illegal sentence on one count, "[t]his rendered illegal the entire sentence, on all counts, contained in the judgment"). While we are mindful that the court was addressing a different issue, we cannot ignore the applicability of the principle—that an illegal sentence is illegal in its entirety—in the context of this case.

¶ 45 Defendant's entire original, illegal sentence is therefore void. *See Flenniken,* 749 P.2d at 398 (sentence of probation with suspended imprisonment was illegal and therefore void); *cf. Waldon v. Swope,* 193 F.2d 389, 390 (9th Cir.1951) (where a fine could not legally be imposed on the defendant, "[t]he trial court properly struck this part of the sentence; and since the provision for fine is easily severable from the provision for imprisonment, there can be no argument that the entire sentence is void").

¶ 46 "[C]ertain illegal sentences can be corrected through resentencing and imposition of a legal sentence while other illegal sentences require that the judgment of conviction be vacated." *Delgado,* 105 P.3d at 637. Because the sentence here followed a jury verdict of guilt, rather than a plea of guilty pursuant to a plea bargain, the judgment of conviction is not at issue. *Cf. Craig v. People,* 986 P.2d 951, 959–60 (Colo.1999)

(improper inducement of an illegal sentence called for in plea bargain requires the defendant be allowed to withdraw guilty plea).[5] Therefore, the illegality can be corrected through resentencing and imposition of a legal sentence. *Delgado*, 105 P.3d at 637. This approach has been used by our supreme court to correct similar illegal sentences. See *Flenniken*, 749 P.2d at 398 (remanding for resentencing where sentence to probation with suspended imprisonment was illegal); *People v. Dist. Court*, 673 P.2d at 996–98 (vacating illegal sentence including suspended DOC term with probation-like conditions and remanding for resentencing).

¶ 47 Thus, although *Abeyta* furthered judicial economy by permitting the appellate court to lop off the excess of a prison sentence greater than the statutory maximum, we conclude the supreme court has not extended appellate discretion to restructure the sentence in the factual circumstances of this case.

¶ 48 Further, defendant contends that the lopping approach in this case would result only in the removal of the probation requirement. Although the record is not clear as to precisely how much prison time defendant has credit for, it appears from the record and the representations of counsel for both parties that defendant has served substantially all of the prison time called for under the original sentence. Because that sentence called for an initial period of incarceration of eight years, which is the minimum for a class 2 felony, removing the probation requirement would seem to result in a legal sentence of eight years imprisonment in this case.

¶ 49 We note, however, that defendant was not simply sentenced to eight years imprisonment to be followed by probation. Rather, the district court imposed an eighteen year prison sentence on the COCCA count, but suspended ten years on the condition that defendant complete twelve years of probation. Thus, one way to lop off the illegal portion of the sentence to reach a legal sentence—removing the suspended ten years imprisonment along with the probation requirement—could result in imposition of the entire eighteen year prison sentence. See *Fierro*, 206 P.3d at 465 (suspension of a sentence is permitted to function in conjunction with a statutorily authorized sentence to probation, not as a sentencing alternative separate and distinct from probation); see also *Cassell*, 677 P.2d at 694–95 (severing illegal portion, which ordered sentence to run concurrently with a sentence in a different jurisdiction, would result in longer term of imprisonment). Upon resentencing, however, the court could impose an eight-year prison sentence, which time has been served.

## V. Conclusion

¶ 50 For these reasons we conclude that resentencing, rather than merely deleting the illegal portion of the sentence, is appropriate in this case to remedy the error in the original sentence. See *Delgado*, 105 P.3d at 637; *Flenniken*, 749 P.2d at 398; see also *People v. Dist. Court*, 673 P.2d at 996–98.[6] On remand, the propriety of any particular sentence upon resentencing may be raised, including but not limited to the potential concerns discussed herein. Either party may appeal that sentence, if appropriate.

¶ 51 Accordingly, we vacate the new sentence imposed and remand for resentencing.

JUDGE WEBB and JUDGE BOORAS concur.

---

5. When an illegal sentence is imposed following a legal plea bargain, the proper remedy, if possible, is to modify the illegal sentence but permit the valid and enforceable plea agreement to stand. *People v. Antonio–Antimo*, 29 P.3d 298, 300 (Colo.2000). Thus, in *Antonio–Antimo*, the supreme court approved of the district court's chosen remedy—striking the illegal language ordering the defendant to leave the country from the sentence—because the remaining sentence was legal and still in conformity with the plea agreement. *Id.* at 305. Further, the district court completely lacked legal authority to order the portion of the sentence stricken in that case—that the defendant leave the country. See *id.* at 302–03.

6. Defendant's expectation of finality was alluded to but not properly developed for consideration on this appeal.