19CA2242 Peo v Sandbom 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 19CA2242 Adams County District Court No. 86CR1171 Honorable Mark D. Warner, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Richard Charles Sandbom, Jr., Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE FOX Schutz and Graham*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Philip J. Weiser, Attorney General, Ellen Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Richard Charles Sandbom, Jr., Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021
1 ¶ 1 Richard Charles Sandbom, Jr., appeals the denial of his Crim. P. 35(a) motion to correct an illegal sentence. We affirm. I. Background ¶ 2 In 1986 Sandbom pleaded guilty to escape, then a class 4 felony, in case number 86CR1171.
1 §§ 18-8-208, 18-1-105(1)(a)(IV), C.R.S. 1986. He also entered guilty pleas to aggravated robbery in two other cases predating his escape (86CR371 and 86CR475). ¶ 3 In 1987, the district court sentenced Sandbom to sixteen years in the Department of Corrections’ custody for his escape (86CR1171) and ordered the sentence to run consecutive to the other sentences for the two aggravated robberies. ¶ 4 Sandbom filed several motions for postconviction relief after sentencing. The court denied each motion. ¶ 5 In 2019, Sandbom filed a Crim. P. 35(a) motion asking the court to correct his allegedly illegal sentence. The postconviction court appointed counsel for Sandbom and counsel supplemented the 2019 motion, adding that the law that applied at sentencing 1 The criminal code was revised in 2002. 
2 prohibited the court from aggravating an escape sentence based on his in-custody status. ¶ 6 The prosecution did not dispute that an escape conviction could not be aggravated based on a defendant’s custody when the escape occurred. Instead, the prosecution countered that the record disclosed that Sandbom’s in-custody status was not the basis for the sentencing court’s actions. The postconviction court agreed and denied Sandbom’s motion. ¶ 7 Sandbom now appeals the postconviction court’s ruling on his Crim. P. 35(a) motion. II. Standard of Review and Applicable Law ¶ 8 Crim. P. 35(a) provides that “[t]he court may correct a sentence that was not authorized by law . . . at any time.” “[A]n illegal sentence is one that is inconsistent with the terms specified by statutes.” People v. Green, 36 P.3d 125, 126 (Colo. App. 2001). We review the legality of a sentence de novo. People v. Bassford, 2014 COA 15, ¶ 20; see also People v. Magana, 2020 COA 148, ¶ 59 (“When a sentence is illegal, it may be corrected at any time, even if challenged for the first time on appeal.”) (cert. granted May 24, 2021). 
3 ¶ 9 A court is required to deny any claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant. Crim. P. 35(c)(3)(VI)-
(VII). III. Analysis ¶ 10 The postconviction court correctly denied Sandbom’s Crim. P. 35(a) claim that the aggravation of his escape sentence was inconsistent with applicable law. ¶ 11 Sandbom claims, the prosecution agrees, and the postconviction court recognized that being in confinement was not a mandatory aggravator for the crime of escape. People v. Russell, 703 P.2d 620, 622 (Colo. App. 1985), abrogated on other grounds by People v. Sanchez, 769 P.2d 1064 (Colo. 1989). The parties also agree that Sandbom’s sentence was aggravated — he was given a sixteen-year sentence when the sentencing range at the time of his escape offense was four to eight years. See § 18-1-105(1)(a)(IV), C.R.S. 1986. The parties diverge, however, on whether the record substantiates Sandbom’s claim that the sentencing court aggravated his felony escape charge based on his confinement. The postconviction court agreed with the prosecution that the record 
4 shows that (1) Sandbom had at least one other felony conviction (86CR475, aggravated robbery) when he was sentenced for the escape, and (2) the felony could legally form the basis for the aggravated sentence. See § 18-1-105(6), (9), C.R.S. 1986. ¶ 12 Despite Sandbom’s claims to the contrary, his in-custody status was not the only basis for the sentencing court’s aggravation of his escape sentence. The record shows that multiple felonies predated his escape, which allowed the sentencing court to aggravate Sandbom’s escape sentence. See § 18-1-105(9), C.R.S. 1986 (listing aggravators). Without the benefit of the sentencing transcript, we cannot know what felony the sentencing court relied upon. Even so, Sandbom’s aggravated robbery (86CR475), charged as a crime of violence, was sufficient to allow aggravation under the applicable statutory scheme. See §§ 18-1-105(9)(a)(IV) (defendant having been charged with another felony, and later convicted of the same, is an aggravating circumstance), 18-4-302 (aggravated robbery, a class 3 felony), C.R.S. 1986. ¶ 13 Regardless, Sandbom’s claim is successive because it could have been raised in his prior motions for postconviction relief. See People v. Vondra, 240 P.3d 493, 494 (Colo. App. 2010) (applying 
5 Crim. P. 35(c)(3)(VII) on appeal to preclude a successive claim even though the postconviction court did not rely on that provision); see also Crim. P. 35(c)(2)(I), (III) (a defendant may seek postconviction review of his or her conviction on the grounds that the conviction was obtained in violation of the constitution or laws of the United States or Colorado). Sandbom relies on People v. Andrews, 871 P.2d 1199, 1203 (Colo. 1994), and Russell in support of his claim. But Andrews relies on Russell, a 1985 case that predates Sandbom’s plea and sentence. There is therefore no reason he could not have asserted the claim earlier. ¶ 14 Given our disposition, we need not address the prosecution’s suggestion that Sandbom’s claims are barred by the doctrine of laches. IV. Conclusion ¶ 15 The postconviction court’s order is affirmed. JUDGE SCHUTZ and JUDGE GRAHAM concur.