**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Willis CORPENING, Defendant–Appellant.**

**No. 90CA0656.**

Colorado Court of Appeals, Div. V.

April 9, 1992.

Rehearing Denied June 11, 1992.

Certiorari Denied Oct. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DUBOFSKY.

Defendant, Willis Corpening, appeals the judgment of conviction entered upon a jury verdict finding him guilty of contributing to the delinquency of a minor. We affirm.

Sandra Carlson purchased a $344.23 postal money order on July 11, 1988, to pay the rent on her apartment. At the time the money order was purchased, she wrote in, "Wentworth Apartments" as payee. On the other side of the postal money order, she wrote her name, address, zip code, and city. She testified that she placed the postal money order in a sealed envelope and then placed the envelope in the rent drop box.

She subsequently learned from Wentworth Apartments that it did not receive the postal money order. She also later learned that "Wentworth Apartments" had been removed from the payee portion of the money order and that the name Michael Steel was put in its place. She did not give permission to anyone to change the payee from Wentworth Apartments to Michael Steel.

Defendant's minor stepson, Michael Steel, testified that he found the money order, with the payee's name blotted out, near a bus stop. He further testified that he gave the money order to his mother who obtained Carlson's name and phone number and unsuccessfully tried to call her. The stepson further testified that his mother gave the money order to her husband, who, in turn, within a few hours returned it to him.

Both the stepson and defendant testified that when the money order was returned, the payee area of the money order was still blank. When defendant returned the money order to his stepson, he told him to "do with it what you want." The stepson testified that he then took the money order to a party and a person there wrote in the stepson's name as payee. The stepson then took the forged money order and cashed it.

A police detective testified that he had conversations with defendant, stepson, and defendant's wife prior to charges being brought against defendant. The detective testified that, on two occasions, defendant told him he had written the stepson's name on the money order. The statements from wife and stepson to the detective corroborated that defendant had written his stepson's name on the money order.

At trial, all three witnesses denied making such statements. They also testified that the police detective used the terms "check" and "money order" interchangeably and, as a consequence, they were confused about the matter to which he was referring in their conversations.

## I.

Defendant maintains that there was insufficient evidence to establish beyond a reasonable doubt that he knowingly induced or encouraged his stepson to commit forgery. Defendant was charged with both second degree forgery and contributing to the delinquency of a minor. He was acquitted of the second degree forgery charges and convicted of contributing to the delinquency of a minor.

Defendant implicitly argues that by acquitting him of second degree forgery, the jury necessarily determined that he did not sign his son's name to the money order and without this fact the evidence is insufficient to convict him of contributing to the delinquency of a minor. We disagree.

When reviewing the sufficiency of the evidence to sustain a conviction, we must

regard the evidence as a whole and in a light most favorable to the prosecution and determine whether it is substantial and sufficient enough to support a conclusion by a reasonable person that defendant is guilty of the charge beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

Assuming *arguendo* that defendant's acquittal for second degree forgery necessarily means the jury determined he did not place his stepson's name on the money order, we still conclude that the evidence is adequate to support the conviction of contributing to the delinquency of a minor.

When the defendant received the money order from his wife, he knew that the space for the payee's name had been altered. He knew that his stepson claimed to have found the money order in the streets. He was aware of the payor's name, address, and phone number. Nevertheless, rather than either destroying the money order or attempting to return it to the payor, defendant admitted that he gave it to his stepson with the statement that he could do with it what he wanted. Under such circumstances, we find there is sufficient evidence for the jury reasonably to conclude that he encouraged his stepson to forge and cash the money order. Hence, the evidence was sufficient to find the defendant guilty of contributing to the delinquency of a minor beyond a reasonable doubt.

## II.

■ Defendant next contends that since he was acquitted both as a principal and as a complicitor to the charge of second degree forgery but was found guilty of contributing to the delinquency of a minor, the jury verdicts are inconsistent. We find no inconsistency.

■ The test for assessing inconsistency in jury verdicts is whether the jury had to rely on the very same evidence in producing two apparently inconsistent conclusions. *People v. Quinn,* 794 P.2d 1066 (Colo.App.1990). A thorough analysis of the evidence is necessary to determine if the verdicts are inconsistent. *People v. Badhawk,* 761 P.2d 753 (Colo.1988).

Defendant argues that the only evidence presented that he knowingly induced or encouraged his stepson to commit forgery was that he forged his stepson's name on the money order. However, he argues this evidence was necessarily rejected by the jury when it acquitted him of second degree forgery, both as principal and as complicitor. Thus, he maintains that since this is also the evidence which underlies his contributing to the delinquency of a minor conviction, such conviction cannot stand.

There is a distinction between contributing to the delinquency of a minor and complicity to commit a crime, *i.e.,* forgery.

"Any person who induces, aids, or encourages a child to violate any ... state law ... commits contributing to the delinquency of a minor." Section 18–6–701, C.R.S. (1991 Cum.Supp.).

■ To be convicted as a complicitor, however, it is necessary to prove that (1) the principal committed the crime, (2) *the complicitor knew that the principal intended to commit the crime,* and (3) the complicitor, having the requisite knowledge, did aid, abet, or encourage the principal in the commission of the crime. *People v. Thompson,* 655 P.2d 416 (Colo.1982).

Hence, under the complicity statute, an offender must know when he encourages the illegal act that the other person intends to commit the crime. *People v. Thompson, supra.* In contrast, to contribute to the delinquency of a minor, a person need only encourage a minor to commit a crime without having the knowledge that the minor intends to so act.

Again, assuming *arguendo* that in acquitting defendant of second degree forgery, the jury necessarily determined he did not sign his stepson's name on the money order, we still conclude his conviction of contributing to the delinquency of a minor is not inconsistent with his forgery acquittal.

Defendant's conviction for contributing to the delinquency of a minor is supported by evidence different than that which demonstrated that defendant placed his stepson's name on the money order. As previ-

ously stated, by returning the money order to his son under the circumstances existing here, the defendant provided a factual basis upon which a reasonable juror could conclude that he implicitly encouraged his stepson to commit forgery and thus was guilty of contributing to the delinquency of a minor. This evidence is different from that underlying the forgery charge.

Furthermore, the jury may have concluded that the stepson decided to commit forgery only after the money order was returned to him, and therefore, defendant would not have been guilty of complicity to commit forgery but would be guilty of contributing to the delinquency of a minor. *People v. Thompson, supra.*

We thus conclude that the evidence supports defendant's conviction of contributing to the delinquency of a minor and, at the same time, is not inconsistent with his acquittal for forgery. Accordingly, the verdicts are not inconsistent.

### III.

■ Defendant finally contends that the jury instruction on contributing to the delinquency of a minor was erroneous. He asserts that the instruction erroneously did not specify the ulterior crime of forgery. Although we view the instruction as deficient, we perceive no reversible error.

■ The jury instruction at issue here stated that the elements of contributing to the delinquency of a minor are:

"(1) that the defendant,

(2) in the State of Colorado, at or about the date and place charged,

(3) knowingly,

(4) induced or aided or encouraged,

(5) a child,

(6) to violate a *state law*." (emphasis supplied)

■ Here, since defendant did not object to the instruction at trial, we must review it under the plain error standard. Crim.P. 52(b). In the context of instructional error, plain error is not present unless a review of the entire record demonstrates a reasonable possibility that an improper instruction contributed to defendant's conviction. *Es-*

*pinoza v. People,* 712 P.2d 476 (Colo.1985). Applying that standard here, we agree that this instruction was erroneous but conclude that reversal is not required.

This instruction was erroneous because it failed to state precisely which law was violated by the minor. Unless the elemental jury instruction states the law which is violated, the jury, in some cases, will be unsure as to which law the minor violated. The jury could therefore erroneously convict a defendant of contributing to the delinquency of a minor by inducing, aiding, or encouraging a violation of a law other than the one(s) at issue in the case.

However, the instructions must be considered as a whole to determine whether the jury was properly instructed. *Gann v. People,* 736 P.2d 37 (Colo.1987). And, the jury here was instructed on second degree forgery and contributing to the delinquency of a minor. These instructions tracked the language of the statutes, and no other offenses were mentioned in the instructions.

Accordingly, when the instructions are reviewed in light of the factual circumstances and other instructions in the case, there is little doubt that the jury knew that the state law referred to in the instruction was forgery. *See Thomas v. People,* 803 P.2d 144 (Colo.1990). Furthermore, the prosecutor did not claim in the course of the trial that a law other than forgery was involved. *See Chambers v. People,* 682 P.2d 1173 (Colo.1984).

We thus conclude that there is not a reasonable possibility that the defect in the instruction contributed to defendant's conviction. *Espinoza v. People, supra.*

Judgment affirmed.

REED and RULAND, JJ., concur.