**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MAURICIO VARGAS,

Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY; MARIO ORTIZ, Interim
District Director, in his official
capacity only; EXECUTIVE OFFICE
OF IMMIGRATION REVIEW;
ALBERTO R. GONZALES, Attorney
General,

Respondents.

No. 05-9581

---

**PETITION FOR REVIEW OF AN ORDER OF**
**THE BOARD OF IMMIGRATION APPEALS[*]**
**(B.I.A. NO. A 76-263-576)**

---

Submitted on the briefs:

Patrick C. Hyde, Denver, Colorado, for Petitioner.

Jennifer L. Lightbody, Attorney, (Stephen J. Flynn, Senior Litigation Counsel,
with her on the brief), Office of Immigration Litigation, Civil Division, U.S.
Department of Justice, Washington, D.C., for Respondent.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term *aggravated felony* encompasses, among other things, "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Mauricio Vargas was ordered removed from the country following a state conviction in Colorado for contributing to the delinquency of a minor. He challenges the validity of his guilty plea in state court, but we hold that we have no authority to address that claim in this proceeding. He also contends that the Board of Immigration Appeals (BIA) erred in concluding that his offense was an aggravated felony. We have jurisdiction to resolve this legal dispute under 8 U.S.C. § 1252(a)(2)(D). Because the state charge against Mr. Vargas was for contributing to the delinquency of a minor by inducing the minor to engage in unlawful sexual contact, we hold that he was found guilty of an aggravated felony.

I. **BACKGROUND**

Mr. Vargas seeks review of a final order of removal issued by the BIA on September 6, 2005. He is a native and citizen of Mexico. He became a lawful permanent resident of this country on April 26, 1999. In October 2000 he was

-2-

charged in Colorado state court with three counts of sexual assault on a child. The State later added a fourth count that alleged that he "did unlawfully, knowingly and feloniously induce, aid and encourage a child to violate a state law, to-wit: UNLAWFUL SEXUAL CONTACT; C.R.S. 18-3-404(1)(a); in violation of Section 18-6-701, C.R.S.; CONTRIBUTING TO THE DELINQUENCY OF A MINOR." R. at 76. Under a plea agreement he pleaded guilty to count four and the first three counts were dismissed.

In March 2005 Mr. Vargas received a notice to appear before an immigration judge (IJ) to show why he should not be removed from the country under the Immigration and Naturalization Act (INA) § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because of this conviction. At a removal hearing on April 6, 2005, he admitted the factual allegations in the notice to appear but contended that he was not removable because he had pleaded guilty only to contributing to the delinquency of a minor, which, he contended, is not an aggravated felony. The IJ disagreed, stating that "the crime of contributing to the delinquency of a minor is an aggravated felony where the respondent was found guilty of knowingly inducing or aiding a child to commit sexual contact." R. at 45. On April 12, 2005, Mr. Vargas was ordered removed to Mexico.

Mr. Vargas appealed the IJ's ruling to the BIA, which affirmed, stating:

> The Colorado offense of contributing to the delinquency of a minor does not qualify categorically as "sexual abuse of a minor" because there are many ways of committing that offense, only some of which

involve sexual abuse. In such cases, we are authorized to consult a limited number of judicially-noticeable documents, such as a charging document or plea agreement, to determine whether an alien's conviction under a facially overbroad statute was nevertheless a conviction for an aggravated felony. *Cf. Shepard v. United States*, 125 S. Ct. 1254, 1260 (2005). The charging document in this case . . . makes it quite clear that the respondent's contributing-to-the-delinquency-of-a-minor offense conforms to the generic concept of "sexual abuse of a minor" set forth at section 101(a)(43)(A).

*Id*. at 3. Mr. Vargas seeks review of the BIA's ruling. We conclude that the BIA properly determined that Mr. Vargas committed an aggravated felony and therefore affirm the removal order.

## II.    DISCUSSION

Mr. Vargas challenges both his state-court conviction and its characterization as an aggravated-felony conviction. He raises two due-process claims with respect to his conviction. First, he asserts that his attorney during the state criminal proceedings told him that pleading guilty to contributing to the delinquency of a minor would not subject him to deportation. Because of this misleading statement, he contends, he "has the right to withdraw his guilty plea." Aplt. Br. at 13. Second, he contends that it was unconstitutional for the state court to accept his guilty plea because he continually maintained his innocence. Whether these contentions have merit or not, we cannot address them. They are beyond the scope of these proceedings. A "petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings. Thus, it is irrelevant for our purposes that an attorney might successfully have

applied for the withdrawal of the guilty plea[ ] . . . ." *Trench v. INS*, 783 F.2d 181, 183 (10th Cir. 1986).

We can, however, review his contention that the offense of contributing to the delinquency of a minor is not an aggravated felony. For several years our review of removal orders based on aggravated felonies was extremely limited. The Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009, enacted in 1996, added 8 U.S.C. § 1252(a)(2)(C), stating:

> Notwithstanding any other provision of law . . . , no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1181(a)(2) or *1227(a)(2)(A)(iii),* (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

(emphasis added). In 2001 we held that this provision left us with jurisdiction only to determine our jurisdiction; that is, once we determined that the petitioner was (i) an alien (ii) deportable (iii) by reason of having committed an aggravated felony, our jurisdiction was at an end and we would dismiss the petition for review. *See Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001). But the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, partially restored our jurisdiction. Now, new subparagraph (D) of § 1252 (a)(2) overrides subparagraph (C) so that we can review "constitutional claims or questions of

law" raised in a petition for review of a removal order, even in an aggravated-felony case. 8 U.S.C. § 1252(a)(2)(D); *see Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3rd Cir. 2005) ("This now permits all aliens, including criminal aliens, to obtain review of constitutional claims and questions of law upon the filing of a petition for review . . . ."). Because Mr. Vargas's challenge to the characterization of his conviction raises such a question of law, we have jurisdiction to review it. *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 809 (11th Cir. 2006) (reviewing under subparagraph (D) a claim that guilty plea in state court did not constitute a "conviction" for purposes of the INA).

The definition of *aggravated felony* in 8 U.S.C. § 1101(a)(43)(A) includes "sexual abuse of a minor." Although Mr. Vargas challenges the BIA's classification of his conviction as sexual abuse of a minor, he does not challenge the BIA's definition of *sexual abuse of a minor*, which is borrowed from 18 U.S.C. § 3509. That statute defines *sexual abuse* to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18 U.S.C. § 3509(a)(8); *see Matter of Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 995-96 (BIA 1999) (adopting statutory definition "as a guide"). Instead, he challenges whether the BIA could properly determine that his offense involved the sexual abuse of a minor by looking to the allegations

in the charging document rather than confining itself to the statutory definition of contributing to the delinquency of a minor.

Mr. Vargas contends that to determine whether a prior conviction qualifies as an aggravated felony, we must follow the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 600 (1990). *See, e.g.*, *Singh v. Ashcroft*, 383 F.3d 144 (3d Cir. 2004) (applying *Taylor* to determine whether conviction for "[u]nlawful sexual contact in the third degree" under Delaware law constituted sexual abuse of a minor). In *Taylor* the issue was whether a state-court conviction was for the predicate offense of "burglary" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which imposes increased sentences for those with prior convictions of certain felonies. The Supreme Court interpreted *burglary* in the ACCA to refer to "generic burglary," meaning an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. *Taylor* said that to determine whether prior convictions were for generic burglary, courts could "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id*. at 600. In other words, only if the state statute required all the elements of generic burglary could the defendant's sentence be enhanced under the ACCA. *Taylor* acknowledged, however, that

> [t]his categorical approach . . . may permit the sentencing court to go
> beyond the mere fact of conviction in a narrow range of cases where
> a jury was actually required to find all the elements of generic

> burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

*Id*. at 602. In *Shepard v. United States*, 544 U.S. 13 (2005), the Court applied this categorical approach to prior convictions resulting from guilty pleas rather than jury verdicts. It again recognized that when the prior conviction was under a nongeneric statute, courts could look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id*. at 26.

We now apply the approach of *Taylor*/*Shepard* to this case. (Because we deny relief to Mr. Vargas under this approach, we need not decide whether the constraints of *Taylor* and *Shepard* necessarily apply in resolving whether an offense is an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).) Colorado Revised Statutes § 18-6-701 states, "Any person who induces, aids, or encourages a child to violate any federal or state law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor." This statute encompasses a multitude of crimes, one for each predicate offense that the child might be urged to commit. That offense could be anything from jaywalking to murder. But the specific predicate offense must be charged and proved as an

element of the offense of contributing to the delinquency of a minor. *See People v. Corpening*, 837 P.2d 249, 252 (Colo. App. 1992) (jury instruction on contributing to the delinquency of a minor was erroneous "because it failed to state precisely which law was violated by the minor"). That is, to convict a defendant of contributing to the delinquency of a minor, the jury "necessarily ha[s] to find," *Taylor*, 495 U.S. at 602, a specified predicate offense that the defendant induced, aided, or encouraged the child to violate.

Hence, § 18-6-701 is like a statute that criminalizes both generic burglary and other offenses. To determine whether a particular conviction under the contributing-to-the-delinquency-of-a-minor statute was for sexual abuse of a minor, *Taylor* and *Shepard* permit review of more than the definition of the statutory offense. "When the underlying statute reaches a broad range of conduct," some of which would constitute an aggravated felony and some of which would not, "courts resolve the ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy." *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005). Accordingly, it was appropriate for the BIA to look at the charging document to see what law the defendant induced, aided, or encouraged the minor to break. In this case the charging document referenced Colo. Rev. Stat. § 18-3-404(1)(a), titled "Unlawful Sexual Contact," which states that "[a]ny actor who knowingly subjects a victim to any sexual contact commits unlawful sexual contact if . . .

[t]he actor knows that the victim does not consent[.]"  Thus, Mr. Vargas was charged with and convicted of encouraging a child to engage in nonconsensual sexual contact.  This is unquestionably sexual abuse of a minor.  *See* 18 U.S.C. § 3509(a)(8).  We hold that Mr. Vargas was convicted of an aggravated felony.

## III.    CONCLUSION

We AFFIRM the order of the BIA.